USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _____

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDE GALLAND; VIOLAINE GALLAND; PARISTUDIOS,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES JOHNSTON; JUDITH JOHNSTON; STEPHEN BOWDEN; TERESA BOWDEN,<br><br>Defendants. | Case No. 14- CV- 4411- SU<br><br>**DEFENDANTS JAMES AND JUDITH JOHNSTON'S MOTION TO DISMISS WITH PREJUDICE UNDER FED. R. CIV. P. 12(b)(6)**<br><br>**Judge's Return Date: August 8, 2014** |

PLEASE TAKE NOTICE that, upon the accompanying Declarations of James Johnston and

Judith Johnston and upon the accompanying Memorandum of Law and upon prior pleadings and

filings in this action, Defendants James and Judith Johnston will move this court at the United

States Courthouse for the Southern District of New York, 500 Pearl Street, Courtroom 11C, New

York, New York, and the matter has been assigned to be heard before the Honorable Ronald L.

Ellis, United States Magistrate for an Order of dismissal of Plaintiff's Claims against Defendants

James and Judith Johnston under Rule 12(b)(2) and (6) of the Federal Rules of Procedure.

Defendants Johnstons' Notice of Motion to Dismiss - 1

In accordance with Fed.R.Civ.P.6 and Local Civil Rule 6.4. Defendants Johnstons' moving papers will be filed and served on July 11, 2014.  Plaintiffs' answering papers shall be filed and served on July 28, 2014;

Defendant Johnstons' reply papers shall be filed and served on August 7, 2014.  The Judge's return date is August 8, 2014.

**I declare under penalty of perjury that the foregoing is true and correct.**

Respectfully Submitted this 8th day of July, 2014.


James Johnston, Pro Se           Judith Johnston, Pro Se
1025 Pinecrest Terrace           1025 Pinecrest Terrace
Ashland, OR 97520                Ashland, OR 97520
(503) 482-5556                   (503) 482-5556

Defendants Johnstons' Notice of Motion to Dismiss - 2

**James Johnston**
**Judith Johnston**
1025 Pinecrest Terrace
Ashland, OR 97520
(503) 482-5556

Pro Se Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDE GALLAND; VIOLAINE GALLAND; PARISTUDIOS, | Case No. 14- CV- 4411- SU |
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES AND JUDITH JOHNSTON'S MOTION TO DISMISS WITH PREJUDICE UNDER FRCP 12(b)(2) and (6)** |
| v. | |
| JAMES JOHNSTON; JUDITH JOHNSTON; STEPHEN BOWDEN; TERESA BOWDEN, | |
| Defendants. | |



Defendants James and Judith Johnston come before this court and offer this memorandum in support of their motion to dismiss Plaintiffs' claims brought against them pursuant to ORCP 12(b)(2) and (6).

## MEMORANDUM

**Introduction:**

The Complaint alleges five causes of action (Plaintiffs' Complaint pg 9):

Memorandum in Support  of Motion to Dismiss- 1

(1)    Breach of fiduciary duty owed to Plaintiffs;

(2)    Breach of Contract

(3)    Intentional Negligence with intent to harm

(4)    Extortion

(5)    Defamation of character

**Facts:**

The plaintiffs are owners of property in Paris that rent the property to vacationers through an online website. (hereinafter "Galland")  Defendants, James and Judith Johnston (hereinafter "The Johnstons"), are residents of the State of Oregon, who signed a "Vacation Rental Agreement" to rent property from Plaintiffs for four nights in Paris.  (See Vacation Rental Agreement attached to Plaintiffs' Complaint).  The Johnstons have never met Defendants Stephen Bowden or Teresa Bowden ("The Bowdens"), nor are they a party to any agreement between The Bowdens and Galland.

Galland has failed to plead sufficient factual allegations on any of the above alleged causes of action against Defendants Johnstons to state a claim to relief that is plausible on its face, and therefore, each cause of action against Defendants Johnstons should be dismissed. Further, on Galland's cause of action for defamation, Galland fails to overcome their burden of proof that this court has personal jurisdiction over the Johnstons.  Therefore said claim should be dismiss under FRCP 12(b)(2).

### POINTS AND AUTHORITIES

Memorandum in Support  of Motion to Dismiss- 2

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a claim for relief that is facially plausible, an allegation must be "more than an unadorned, the-defendant-unlawfully-harmed me accusation"; a claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Accordingly, where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. In making that determination, a court may look to the pleadings as well as to any documents integral to the complaint upon which the pleadings rely. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir.2002).

Here, Plaintiffs' Complaint is convoluted and mixes "argument" of two unrelated transactions into their complaint. Plaintiffs fail to set forth sufficient facts to establish any elements of each claim as to Defendant.

**1. Breach of Fiduciary Duty**: The Johnstons do not concede that New York is the proper jurisdiction, but nevertheless, Plaintiffs' Breach of Fiduciary Duty claim against the Johnstons does not hold water. Breach of Fiduciary Duty is a common law claim arising under state law. Under New York law, a claim for breach of fiduciary duty requires: (1) the existence of a fiduciary duty between the parties; (2) a breach of that duty; (3) the defendant's knowing participation in that breach; and (4) damages resulting from that breach. *Pension Committee of*

*the University of Montreal Pension Plan v. Banc of America Securities*, 446 F.Supp.2d 163, 195–96 (S.D.N.Y.2006).

Plaintiffs make only a blanket statement that Defendants breached a fiduciary duty. Plaintiffs do not allege even the minimum qualifications of the claim in that a fiduciary relationship exists between the Galland and The Johnstons, let alone how the Johnstons breached a fiduciary duty, or how the Johnstons knowing participated in that breach.  The essence of a fiduciary relationship is that one party places trust and confidence in another who is in a dominant or superior position. A fiduciary relationship arises between two persons when one person is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship. *Restatement (Second) of Torts* § 874 cmt. a (1979);  It takes a long stretch to find that a renter of a 4 day stay in owner's property under the terms crafted by the owner could find that the renter in a superior position than the owner under the owner's one-sided contract, let alone how the vacationer could have breached a fiduciary duty.  Under New York law, "a cause of action for breach of fiduciary duty that is merely duplicative of a breach of contract claim cannot stand." *Centro Empresarial Cempresa S.A. v. America Movil, S.A.B. de C.V.*, 76 A.D.3d 310, 901 N.Y.S.2d 618, 636 (1st Dept.2010) (citing  [788 F.Supp.2d 250]  Such is the case here, and Galland's claim for breach of fiduciary duty appears to be brought out of allegations of a breach of contract claim and therefore is duplicative and must be dismissed.

   **2. Breach of Contract:** It is unclear how Galland believes The Johnstons breached their rental agreement for their four night stay in the Galland's property.

To survive a motion to dismiss for a breach of contract claim under New York law, the complaint must allege facts which show: "(1) the existence of an agreement, (2) adequate performance of the contract by plaintiff, (3) breach of the contract by defendant, and (4) damages." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004);. Conclusory allegations that a defendant breached an agreement are insufficient to support a breach of contract claim. See Berman v. Sugo LLC, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) (Patterson, J.) (collecting cases). In adjudicating a motion to dismiss, the court may properly consider any documents attached as exhibits to the pleadings, or incorporated by reference therein. See Fed. R. Civ. P. 10(c); Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002); Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69 (2d Cir. 1995) (per curiam).

In this case, therefore, it is proper to consider the parties alleged agreement attached to the Complaint that Galland relies upon in support of their claim. To plead these elements "a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue." *Wolff v. Rare Medium, Inc.,* 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001)

Galland states "we have rental agreements" which were attached to the complaint in support of their claim for breach of contract. (Complaint pg 3)   Galland alleges no facts as to how the Plaintiffs adequately performed their duties under the contract.

Line 15 of Galland's complaint states: our *sin qua non house rule* stipulates that even if, *arguendo,* the four-horses-of-the-apocalypse emerged from doom; *"The tenants agree not to use blogs or website for complaints, anonymously or not."* , Line 16.  "Period".  Line 17.  "The defendants stayed one long week in silence then dishonored their own signatures and published

online toxic reviews back-to-back. "Aside from Galland's misstatement of fact that the Johnstons stated one long week when the contract clearly states the rented the premises for 4 days, Gallands provide no evidence that the Johnston's "published" online "complaints" to "Galland's website page" in blogs or otherwise in violation of the alleged contract.   Galland cites to his version of an alleged "review" as to an apparent opinion of the Johnstons without producing the review, or providing evidence of how the Johnstons breached the contract by giving said review. Gallands fail to allege how the Johnstons submitted any form of complaint, nor how it was published to a website or blog. Furthermore, Galland fails to show actual damages by said negative "review".   As such, Galland's Breach of Contract claim against the Johnstons must be dismissed with prejudice as having failed to meet the elements for a breach of contract claim.

3. Intentional Negligence with intent to harm:  Galland so quickly states that it is "laughable that the Defendants" Johnston are "self-proclaimed-experts in English syntax", and then alleges a claim for Intentional Negligence.  Intentional Negligence is merely an oxymoron and doesn't exist.  Possibly Galland tries to make an argument for gross negligence, but then alleges no facts to support such claim.  Under New York law, a breach of contract will not give rise to a tort claim unless a legal duty independent of the contract itself has been violated. See, e.g., Clark–Fitzpatrick v. Long Island R.R. Co., 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 516 N.E. 2d 190 (1987). Such a "legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent on the contract." Id. Where an independent tort duty is present, a plaintiff may maintain both tort and contract claims arising out of the same allegedly wrongful conduct. See Hargrave v. Oki Nursery, Inc., 636 F.2d 897, 898–99 (2d Cir.1980) (citing Channel Master Corp. v. Aluminum Ltd. Sales,

Inc., 4 N.Y.2d 403, 408, 176 N.Y.S.2d 259, 151 N.E.2d 833 (1958)). If, however, the basis of a

party's claim is a breach of solely contractual obligations, such that the plaintiff is merely seeking

to obtain the benefit of the contractual bargain through an action in tort, the claim is precluded as

duplicative. See, e.g., New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 316, 639 N.Y.S.2d

283, 662 N.E.2d 763 (1995). As Galland never discusses the duty between the parties that would

arise independent of a contract claim. Thus, Galland's claim for negligence is impermissibly

duplicative of the contract claim and must be dismissed.

4. **Extortion:** Galland's complaint does not allege minimum qualifications to meet its

burden of proof that a claim for extortion exists. The Hobbs Act speaks of extortion as "the

obtaining of property from another, *with his consent,* induced by wrongful use of actual or

threatened force." 18 U.S.C. § 1951(b)(2) (emphasis added). The fact that the Johnstons did not

accept Galland's partial refund in exchange for withdrawing the review and threatened a

countersuit does not amount to extortion. (Complaint, pg 8, ln 32). Galland fails to state how the

Johnstons obtained property with his consent upon wrongful use or actual or threatened force.

Therefore, Galland's extortion claim fails.

5. **Defamation of character:**

A. **Jurisdiction over a Claim For Defamation fails under FRCP 12(b)(2)**

This federal court lacks jurisdiction over the defamation claim against the Johnstons.   A federal

court sitting in diversity must "determine whether there is jurisdiction over the defendant under

the relevant forum state's laws." Section 302 of New York's Civil Practice Law and Rules

("CPLR") provides in pertinent part:

"(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or though an agent:

    (1) transacts any business with the state or contracts anywhere to supply goods or services within the state; or . . .

    (3) commits a tortious act without the state causing injury to a person or property within the state, **except as to a cause of action for defamation of character arising from the act, if he**

        **(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or**
        **(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce. . . ." (emphasis added)**

Sections 302(a)(2) and (3) of the long-arm statute expressly exclude actions for defamation, due to the judgment of New York's legislature that subjecting out of state defendants to suit in New York solely on the basis of defamation would chill free expression.   In addition to holding that a single defamatory statement is insufficient to give rise to long-arm jurisdiction, New York jurisprudence otherwise imposes a stricter standard on the transaction-of-business and arising-from prongs of section 302(a)(1) in defamation cases. As to claims for defamation, "particular care must be taken to make certain that non-domiciliaries are not haled into court in a manner that potentially chills free speech without an appropriate showing that they purposefully transacted business here and that the proper nexus exists between the transaction and the defamatory statements at issue." Symmetra Pty Ltd. v. Human Facets, LLC , 18, (S.D.N.Y., 2013)

    *Symmetra* explains that " jurisdiction is more likely to lie when the allegedly defamatory statements were purposefully "written in or directed to New York[,]" as opposed to reaching the forum fortuitously, as by an internet forum post accessible by the world at large. (As is the case

here).   In sum, personal jurisdiction will exist over a claim for defamation under section 302(a)

(1) only upon a heightened showing of: (1) defendant's *purposeful* transactions of business in

New York; and/or (2) a causal link between this transaction of business and the claim alleged.

*Symmetra at 19.  Symmetra* is directly on point.  Here, Galland has not alleged personal

jurisdiction over The Johnstons sufficient to survive section 302(a)(1)'s exclusionary provision

of their defamation claim.  Specifically, Galland has not alleged how the Johnstons regularly

does or solicits business, or engages in any other persistent course of conduct, or derives

substantial revenue from goods used or consumed or services rendered, in the state, nor has

Galland alleged how the Johnstons, by placing a "review" kon rented vacation property in Paris

targets New York and how the Johnstons could reasonably expect the act to have consequences

in the state of New York <u>and</u> how The Johnstons derive substantial revenue from interstate or

international commerce. . . ."  The fact that mail from Oregon "landed in New York, telephone

calls were made from Oregon to New York, and emails sent from Oregon to an email address

based in New York is clearly insufficient evidence to pass scrutiny under section 302(a)(1).

As such, Galland's claim for defamation fails under FRCP 12(b)(2).

**B.  Galland's Claim for Defamation fails under FRCP 12(b)(6)**

Even if Galland's Defamation claim survives jurisdiction, it fails under FRCP 12(b)(6) in

that Galland fails to allege a claim for which relief can be granted.  Defamation actions typically

includes the documents containing the allegedly defamatory statements. *See* <u>Biro v. Nast</u>

(S.D.N.Y., 2012) citing *Fuji Photo Film* <u>U.S.A., Inc. v. McNulty, 669 F. Supp. 2d 405,</u> 414 n.52

(S.D.N.Y. 2009).  Galland fails to provide any documents containing allegedly defamatory

statements.

Memorandum in Support  of Motion to Dismiss- 9

"Defamation is the injury to one's reputation either by written expression, which is libel, or by oral expression, which is slander." _Idema v. Wager,_ 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000). "Under New York law, a plaintiff must establish five elements to recover in libel: (1) a written defamatory statement of fact concerning the plaintiff; (2) publication to a third party; (3) fault (either negligence or actual malice depending on the status of the libeled party); (4) falsity of the defamatory statement; and (5) special damages or per se actionability (defamatory on its face)." _Celle v. Filipino Reporter Enters. Inc.,_ 209 F.3d 163, 176 (2d Cir. 2000).

A.   Galland has alleged the Johnstons provided a "review" that defamatory actual statements in quotation marks (Galland did not provided the review) state "are in no way true"; and "too wordy" and "written by the owner" (referring to reviewers of 4 or 5 star reviews – see Complaint pg 6, ln 26).  In essence, the only actual statements Galland pulls out of the review is not even supported by the actual review in which would give light of the context in which they were written.  Galland also claims the Johnstons scream of "inhabitable dangerous" conditions, without, again, providing the defamatory statement or describe in which the context was written.  Galland further fails to allege how the statements made by the Johnstons were in fact statements of fact or merely opinion.   Galland even alludes that the statements were mere opinion because they were "laughable that the defendants are self-proclaimed-fire-hazards-experts and scream of 'inhabitable dangerous' conditions when their action in Paris tells the opposite story…" (Complaint, pg 7, ln 29).  Under both New York and federal law, statements of pure opinion are not actionable as defamation."

Qureshi v. St. Barnabas Hosp. Ctr., 430 F. Supp. 2d 279, 288 (S.D.N.Y. 2006)

B.  Galland has failed to allege how the statement was published to a third party other than a blanket statement that they "published belated complaints on websites" (Complaint pg. 3, ln8). Galland did not provide the"complaint", to whom it was published, and what "websites" it was published thereon.  "A defamation claim is only sufficient if it adequately identifies the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated." *Thai v. Cayre Group, Ltd.,* 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010).  Here, Galland's defamation claim lacks sufficient specificity to constitute a claim for relief.

C.  Gallands allege the Johnstons' review was replete with malice because they invented the existence of "photos" to defame Gallands character with misrepresentation on their website.  (Complaint pg 6, line 22-25)  It is unclear how a review of the Johnstons acted in malice regarding published photos of the premise's stairs.  Galland does not provide any context to which the court could draw any reasonable inference that the Johnstons are liable for the misconduct or acted in any way with malice.

D.  Gallands states that the Johnstons' review was "replete with false statements; false assumptions; and half-truths" (Complaint pg 5, ln 18)  Galland provide no evidence of the reviews made, no evidence of which statements are fact or pure opinion, and of the facts, which are false, false assumptions and half truths and why.

E.  Galland alleges $1 million dollars in damages, a lien on the Johnstons' property, punitive damages, and an order to withdraw the reviews.  Galland cites to no authority where such damages exist under the law, and certainly does not set forth

how they have suffered $1 million dollars in special damages.  In fact, the complaint shows the opposite.  Galland states that since the Johnston "reviews" were posted, they have received two positive reviews by guests.  (Complaint pg 7).  It is speculative at best, that Galland would suffer business loss due to the Johnston's alleged review, particularly when Galland continues to receive good responses too. The good reviews also gives more credence that any review by the Johnstons amount to nothing more than their opinion, rather than a complaint or a defamatory statement of fact.

## Conclusion

WHEREFORE, the Johnstons request an order of dismissal of the claims brought against them in this action because Gallands failed to plead facts sufficient to constitute even the minimum requirements to establish relief of each of their claims, and failed to establish personal jurisdiction over the Johnstons, pursuant to FRCP 12(b)(2) and (6).

DATED this 8th day of July, 2014.


Respectfully Submitted this 8th day of July, 2014.


James Johnston, Pro Se            Judith Johnston, Pro Se
1025 Pinecrest Terrace            1025 Pinecrest Terrace
Ashland, OR 97520                 Ashland, OR 97520
(503) 482-5556                    (503) 482-5556

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDE GALLAND; VIOLAINE GALLAND; PARISTUDIOS, | Case No. 14- CV- 4411- SU |
| Plaintiffs, | **AFFIRMATION IN SUPPORT OF MOTION** |
| v. | |
| JAMES JOHNSTON; JUDITH JOHNSTON; STEPHEN BOWDEN; TERESA BOWDEN, | |
| Defendants. | |

I, Judith Johnston,  affirm under penalty of perjury that:

1.   I, Judith Johnston, am the Defendant in the above entitled action, and respectfully move this Court to issue an order of dismissal of Plaintiffs' claims against me under FRCP 12(b)(2) and (6).

2. The reason why I am entitled to the relief I seek is because Plaintiffs have failed to state a claim by alleging facts sufficient to constitute a claim for relief and has failed to allege facts or legal authority that would provide this court with jurisdiction over their claim for defamation.

Affirmation - 1

WHEREFORE, I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Respectfully Submitted this 8th day of July, 2014.

Judith Johnston, Pro Se
1025 Pinecrest Terrace
Ashland, OR 97520
(503) 482-5556

Affirmation - 2

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

CLAUDE GALLAND; VIOLAINE
GALLAND; PARISTUDIOS,

        Plaintiffs,

        v.

JAMES JOHNSTON; JUDITH
JOHNSTON; STEPHEN BOWDEN;
TERESA BOWDEN,

        Defendants.

Case No. 14- CV- 4411- SU

**AFFIRMATION IN SUPPORT OF
MOTION**

I, James Johnston,  affirm under penalty of perjury that:

1.   I, James Johnston, am the Defendant in the above entitled action, and respectfully move this Court to issue an order of dismissal of Plaintiffs' claims against me under FRCP 12(b)(2) and (6).

2.   The reason why I am entitled to the relief I seek is because Plaintiffs have failed to state a claim by alleging facts sufficient to constitute a claim for relief and has failed to allege facts or legal authority that would provide this court with jurisdiction over their claim for defamation.

Affirmation - 1

WHEREFORE, I respectfully request that the Court grant this motion, as well as such other and

further relief as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Respectfully Submitted this 8th day of July, 2014.

James Johnston, Pro Se
1025 Pinecrest Terrace
Ashland, OR 97520
(503) 482-5556

Affirmation - 2

July 7, 2014

US District Court, Southern District of New York
500 Pearl Street, Rm 230
New York, New York,    10007

Re:  Case No. 14-CV-4411-SU

Claude and Violaine Galland, Paris StudiosGalland
v.
James and Judith Johnston

This is our first appearance in this case.  Enclosed you will find 2 documents.
One to be filed with the US District Court and one to the Judge, Honorable
Ronald L. Ellis, United States Magistrate.

Judith Johnston
1025 Pinecrest Terrace
Ashland, Oregon  97520



Mr. James M. Johnston
1025 Pinecrest Ter
Ashland, OR 97520



USM P3
SDNY
USM

US District Court, Southern District of New York
Daniel Patrick Moynihan US Court House
Pro Se Office
500 Pearl St. Rm 230
New York, New York
10007





UNITED STATES
POSTAL SERVICE

1000

10007



U.S. POSTAGE
PAID
MEDFORD, OR
97501
JUL 08 14
AMOUNT
$2.45
00088497-06

