UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CLAUDE GALLAND, VIOLAINE GALLAND,
PARISTUDIOS,

                        Plaintiffs,

    -against-

JAMES JOHNSTON, JUDITH JOHNSTON,
STEPHEN BOWDEN, TERRI BOWDEN

                       Defendants.
-----------------------------------------------------------------x

Civil Action No.: 14 CV 4411

(Judge Richard J. Sullivan)
(Magistrate Judge Ronald L. Ellis)

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' STEPHEN BOWDEN'S AND TERRI BOWDEN'S MOTION FOR JUDGMENT ON THE PLEADINGS TO DISMISS THE COMPLAINT AND IN OPPOSITION TO PLAINTIFFS' MOTIONS TO AMEND THE COMPLAINT

HERZFELD & RUBIN, P.C.
Attorneys for Defendants
***Stephen Bowden and Terri Bowden***
125 Broad Street
New York, New York 10004
(212) 471-8463

Of Counsel:
Joseph E. Donat
Arlene E. Lewis

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 1

POINT I ............................................................................................................................ 2

    DEFENDANTS STEPHEN BOWDEN AND TERRI BOWDEN ARE
    ENTITLED TO JUDGMENT ON THE PLEADINGS BECAUSE
    PLAINTIFFS HAVE NOT PLEADED ANY ACTIONABLE CLAIM ...................... 2

POINT II ........................................................................................................................... 5

    IF IN ITS DISCRETION THIS COURT WISHES TO REVIEW, AND
    DOES NOT EXCLUDE, MATTERS OUTSIDE OF THE PLEADINGS,
    THEN EXHIBITS C THROUGH K ARE SUBMITTED WHICH
    ESTABLISH THAT THE BOWDEN DEFENDANTS ARE ENTITLED TO
    SUMMARY JUDGMENT BECAUSE THERE IS NO GENUINE ISSUE OF
    MATERIAL FACT AS TO LIABILITY ................................................................... 5

POINT III .......................................................................................................................... 7

    AS A MATTER OF LAW NO FIDUCIARY RELATIONSHIP EXISTED
    BETWEEN THE BOWDEN DEFENDANTS AND PLAINTIFFS,
    THEREFORE, THERE WAS NO BREACH OF FIDUCIARY DUTY ..................... 7

POINT IV .......................................................................................................................... 8

    THIS COURT SHOULD NOT PERMIT PLAINTIFFS TO AMEND THE
    COMPLAINT. ............................................................................................................ 8

CONCLUSION ................................................................................................................ 11

TABLE OF AUTHORITIES

Page

**Cases**

AIM Int'l Trading, L.L.C. v. Valcucine S.p.A.,
  2003 U.S. Dist. LEXIS 8594 (S.D.N.Y. 2003) ................................................................ 2, 4

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937,
  1949, 173 L. Ed. 2d 868 (2009) ........................................................................................ 9

Bell Atl. Corp. v. Twombly, 550 U.S. 544 127 S. Ct.
  1955, 1974, 167 L. Ed. 2d 9292 (2007) ............................................................................ 9

Belly Basics, Inc. v. Mothers Work, Inc., 95 F. Supp. 2d 144 (S.D.N.Y. 2000) ................... 3

Camprubi-Soms v. Aranda, 2011 U.S. Dist. LEXIS 10195 (S.D.N.Y. 2001) ..................... 11

H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 109 S.Ct. 2893,
  106 L.Ed. 2d 195 (1989) .................................................................................................... 4

Hammer v. Amazon.com, 392 F. Supp. 2d 423 (E.D.N.Y. 2005) ........................... 4, 9, 10

Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) ......................................................................... 9

Levin v. McPhee, 119 F.3d 189 (2d. Cir., 1997) .................................................................. 3

Liberty Mut. Ins. Co. v. York Hunter, Inc.,
  945 F. Supp. 742 (S.D.N.Y 1996) .................................................................................... 10

Mr. Chow of New York v. Ste. Jour Azur S.A. 759 F2d. 219,
  1985 U.S.App LEXIS 30321 (2d. Cir 1985.) .................................................................... 3

Ruffolo v. Oppenheimer & Co. 987 F.2d 129 (2d Cir. 1993) ............................................... 9

Schwartz v. Hotel Carlyle Owners Corp.,
  2014 N.Y. Misc. LEXIS 3605; 2014 NY Slip Op 32114(U) (N.Y. County 2012) ........... 7

United States v. Merritt Meridian Const. Corp.,
  95 F.3d 153 (2d Cir. 1996) ............................................................................................... 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CLAUDE GALLAND, VIOLAINE GALLAND,
PARISTUDIOS

                                Plaintiffs,

               -against-

JAMES JOHNSTON, JUDITH JOHNSTON,
STEPHEN BOWDEN, TERRI BOWDEN

                                Defendants.
-----------------------------------------------------------------x

Civil Action No.: 14 CV 4411

(Judge Richard J. Sullivan)
(Magistrate Judge Ronald L. Ellis)

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANTS' STEPHEN BOWDEN'S AND TERRI BOWDEN'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS TO DISMISS THE COMPLAINT**
**AND IN OPPOSITION TO PLAINTIFFS' MOTIONS TO AMEND THE COMPLAINT**

**PRELIMINARY STATEMENT**

This Memorandum of Law is respectfully submitted on behalf of defendants, Stephen Bowden and Terri Bowden, in support of their motion for judgment on the pleadings and dismissal of the Complaint. This Memorandum of Law is also submitted in opposition to both of plaintiffs' motions to amend the Complaint.

**STATEMENT OF FACTS**

This litigation arises out of the rental of a vacation apartment in Paris, France, which, upon information and belief, was owned by plaintiffs, Claude Galland and Violaine Galland, and was rented by defendants Stephen Bowden and Terri Bowden, pursuant to a Rental Agreement, dated March 10, 2014, for the period of May 17, 2014 to May 23, 2014. Plaintiffs claim that Stephen Bowden and Terri Bowden breached the Rental Agreement by posting a review of the apartment on a website, and that Stephen Bowden and Terri Bowden libeled plaintiffs.

# POINT I

## DEFENDANTS STEPHEN BOWDEN AND TERRI BOWDEN ARE ENTITLED TO JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFFS HAVE NOT PLEADED ANY ACTIONABLE CLAIM.

The Complaint alleges that the basis of the action is a breach of contract by the defendants, which has been aggravated by defamation of character and business reputation of plaintiffs. (See Complaint, paragraph 1, attached as Exhibit A to the motion papers.)

The allegations of the Complaint which specifically refer to the review submitted by the Bowden defendants are numbered 19-21. (See Exhibit A, Paragraphs 19-21.) When reduced to their essence, such allegations complain of the Bowden defendants' use of the word "noisy" to describe the neighborhood in which the apartment was located, the apartment's "small" size, and the improper use of the word "Dam." (See Exhibit A, paragraphs 19-21.)[1]

But, the Complaint also states, in pertinent part, that the wording of " . . . the title of the review by defendants Stephen and Theresa Bowden . . . <u>did nothing more than restate what we [plaintiffs] have honestly mentioned in our ads . . ..</u>" (emphasis supplied). (See Exhibit A, ¶ 19) The Complaint further states: "<u>In the review's title the word 'noise' if and when true, was pointless, we stated that the apartment gave to a lively street full of tourists and is precisely why it is safe: there is safety in numbers . . . noisy yet safe is what we stated in the advertisement ....</u>" (emphasis supplied). (See Exhibit A, ¶ 19) The Complaint further states: "<u>The issue of space is also just re-stating of what we clearly advertise (20m2)</u> [i.e., 40 square meters] and the [Bowden]

---

[1] Annexed to plaintiffs' Complaint as exhibits are the Vacation Rental Agreements of the Johnston defendants, and also the Bowden defendants. Plaintiffs have not attached to the Complaint the complete review submitted by the Bowden defendants, which is an integral part of the Complaint, although the Complaint refers to specific words and phrases contained in the review. If this Court believes that by referring to words and phrases the entire review is thereby adopted by reference, (see Rule 10 (c) of the Federal Rules of Civil Procedure; see also infra <u>AIM Int'l Trading LLC. v. Valcucine S.p.A.</u>, 2003 U.S. Dist. LEXIS 8594 (S.D.N.Y. 2003) then the court is respectfully referred to the entire review which is quoted verbatim in the Affidavit of Mrs. Terri Bowden, attached to the motion papers as Exhibit C, paragraph 12.

defendants admit that the space is average in Paris making the reiteration of 'small' pointless...." (emphasis supplied.) (See Exhibit A, ¶ 19).

The Complaint also states, in conclusory fashion, that the Bowden defendants "accuse" plaintiffs ". . . of deception with 'mirrors' and clever photography . . .." But, again, plaintiffs then proceed to admit in the Complaint that ". . . the photographs (of the apartment) depict an image and its mirror image." (See Exhibit A, ¶19). Therefore, by their own admission asserted in the Complaint, plaintiffs concede that the photograph of the apartment on the website actually contains a mirrored image.

The Complaint further states, in conclusory fashion, that the Bowden defendants " . . . volunteer to conclude it [the apartment] can only fit 2, when we advertise could fit 3 means we are deceiving the public. This is a false accusation." (See Exhibit A, paragraph 19.) Such a general statement as to the size of an apartment, and the number of people who can fit into an apartment, is clearly a statement of opinion, and is not actionable under the law. Levin v. McPhee, 119 F.3d 189, 196 (2d. Cir., 1997); see also Belly Basics, Inc. v. Mothers Work, Inc., 95 F. Supp. 2d 144, 145 (S.D.N.Y. 2000), and Hammer v. Amazon.com, 392 F.Supp. 2d 423 at 430-431 (E.D.N.Y. 2005).

In fact, the Complaint itself refers to the "review" submitted by the Bowden defendants (see Exhibit A, paragraph 19.) Indeed, it has been held that a "review" by its very nature constitutes an opinion. In Mr. Chow of New York v. Ste. Jour Azur S.A. 759 F2d. 219, 227-228, 1985 U.S.App LEXIS 30321 (2d. Cir 1985) the Second Circuit wrote: "Restaurant reviews are also the well recognized home of opinion and comment." 759 F2d at 227-228. See also Hammer v. Amazon.com supra 392 F.Supp. 2d 423, where the Court held that an author failed to state a defamation claim regarding a book review posted on a book seller's website.

3

Accordingly, even if the facts alleged in the Complaint are read in the light most favorable to the plaintiffs, and this Court accepts the plaintiffs factual allegations as true, H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, at 249, 109 S.Ct. 2893, 106 L.Ed. 2d 195 (1989), and also draws all reasonable inferences in favor of plaintiffs, and takes into consideration plaintiffs' *pro se* status, nevertheless, based upon the Complaint itself, it is beyond doubt that plaintiffs cannot prove any set of facts to consistent with the allegations to comprise an actionable claim because plaintiffs admit that they themselves advertised the apartment on their own website using the word "small," and that it was located in a "noisy" neighborhood.

It is well settled that a "complaint 'must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory.'" AIM Int'l Trading, L.L.C. v. Valcucine S.p.A., 2003 U.S. Dist. LEXIS 8594 (S.D.N.Y. 2003). It is not sufficient for a plaintiff to state "baldly conclusory" allegations, which fail to "give notice of the basic events and circumstances of which a plaintiff complains." Hammer v. Amazon.com, 392 F. Supp. 2d 423, 431, (E.D.N.Y. 2005). Federal courts have deemed such conclusory allegations "meaningless as a practical matter and, as a matter of law, are insufficient to state a claim." Id.

Plaintiffs also allege in the Complaint that defendants Stephen Bowden and Terri Bowden breached the rental agreement provision "not to use blogs or website for complaints anonymously or not." (See Exhibit A, ¶ 15.) However, plaintiffs have failed to establish how Mrs. Bowden, having submitted a review, based on her own subjective opinion of the subject apartment on the Vacation Rentals by Owner ("VRBO") website, in the place provided on the VRBO website for such reviews, breached the rental agreement, especially since the review, in any event, merely confirmed the description of the apartment provided on the VRBO website by plaintiffs themselves.

Mrs. Bowden's statements of objective opinion in her review simply do not constitute a "complaint," which is defined as an "expression of dissatisfaction, resentment, or pain." WEBSTER'S II NEW COLLEGE DICTIONARY 229 (1995).

Last, plaintiffs allege that in the review, the Bowden defendants "... refer to a site 'Dam' which is false. There are no sites known by the name 'Dam' in Paris or anywhere in the World. It is false, and *inter alia*, a vulgar word sounding as 'damn' with obvious negative connotations." The fact is that the word "Dam" was a typographical and harmless error, and when read by a reasonable reader in context in both instances in which the word was used in the review it was preceded by the word "Notre," as in the "Notre Dame" Cathedral, to which the review clearly referred, the only reasonable conclusion is that the word was not a vulgarity. (See Exhibit A, paragraph 21.)

We respectfully submit that based upon the allegations and statements contained in the Complaint, plaintiffs cannot set forth an actionable claim against the Bowden defendants, and the Bowden defendants should be granted judgment on the pleadings and the Complaint should be dismissed against them.

## POINT II

**IF IN ITS DISCRETION THIS COURT WISHES TO REVIEW, AND DOES NOT EXCLUDE, MATTERS OUTSIDE OF THE PLEADINGS, THEN EXHIBITS C THROUGH K ARE SUBMITTED WHICH ESTABLISH THAT THE BOWDEN DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT AS TO LIABILITY**

Should this Court, in its discretion, wish to consider and not exclude matters outside of the pleadings, which are submitted, then this Court is respectfully referred to the Affidavit of

Mrs. Terri Bowden, a copy of which is attached as exhibit C to the motion papers, and Exhibits D through K, which are referred to and attached to Mrs. Bowden's Affidavit.

As Mrs. Bowden explained in her Affidavit, she first became aware of plaintiffs' apartment in Paris in her online research of a website VRBO, and she and her husband became interested in the apartment even though she read reviews of the apartment on the website which indicated that it was small and located in a noisy neighborhood. (See Exhibit C, paragraph 4.)

Mrs. Bowden further states in her Affidavit that she was familiar with the VRBO website, as well as the VRBO rules and guidelines because she and her husband are members of VRBO and list on the VRBO website properties which they own in Florida. Mrs. Bowden states that one such VRBO rule is that an owner of a property cannot opt out of receiving a review of that property. (See Exhibit C, paragraphs 5, 6.)

Mrs. Bowden further states in her Affidavit that her husband signed a rental agreement for the apartment, which was forwarded by Mr. Galland, and that her husband pre-paid the cost of the rental of the apartment, and that they both stayed in the apartment from May 17, 2014 to May 23, 2014. (See Exhibit C, paragraphs 7-9.)

Mrs. Bowden further states that after staying in the apartment, she again logged onto the VRBO website and completed a <u>review</u> of the apartment in the space and link provided on the website to submit such a review, which was the very website on which plaintiffs advertised their vacation rental apartment in the first place. (See Exhibit C, Bowden Affidavit ¶ 4, 6, 10 and 11.) Contrary to plaintiffs' assertions, Mrs. Bowden's review did not constitute a "complaint," and, in fact, mirrored the description provided by plaintiffs themselves regarding the apartment, as well as prior reviews on the VRBO website, which also described the apartment as being "small" and located in a "noisy" neighborhood (See Exhibit C, Bowden Affidavit ¶ 4.)

As Mrs. Bowden explained in her Affidavit, she provided a "fair and truthful review of [their] stay" based upon their "personal opinion." The entire content of the review is set forth in paragraph 12 of the Affidavit of Mrs. Bowden, Exhibit C.

Finally, Mrs. Bowden explains the events which followed submission of the review, and how Mr. Galland threatened litigation, which caused her to bring Mr. Galland's actions to the attention of VRBO. (See Exhibit C, paragraphs 17-23.)

For the reasons and based upon the authority set forth in Point I above, if this Court wishes to consider and does not exclude the Affidavit of Mrs. Bowden, (Exhibit C attached to the motion papers), and Exhibits D-K, which are attached to the motion papers, then this Court should grant summary judgment to the Bowden defendants because no genuine issue of material issue of fact exists as to their liability, and they are entitled to judgment as a matter of law. Levin v. McPhee, supra; Mr. Chow of New York, supra; Belly Basics, Inc., supra; and Hammer v. Amazon.com, supra.

### POINT III

### AS A MATTER OF LAW NO FIDUCIARY RELATIONSHIP EXISTED BETWEEN THE BOWDEN DEFENDANTS AND PLAINTIFFS, THEREFORE, THERE WAS NO BREACH OF FIDUCIARY DUTY.

Plaintiffs' also allege that the defendants purportedly breached a fiduciary duty, "intentional negligence with intent to harm", and "extortion." (See Complaint, Exhibit A, paragraphs 36, 38 and 39.)

To plead a viable claim of breach of fiduciary duty, it must first be established that a fiduciary relationship exists. Schwartz v. Hotel Carlyle Owners Corp., 2014 N.Y. Misc. LEXIS 3605; 2014 NY Slip Op 32114(U) (N.Y. County 2012). "'A fiduciary relationship . . . exists only when a person reposes a high level of confidence and reliance in another, who thereby

exercises control and dominance over him [or her].'" Id. A plaintiff alleging breach of fiduciary duty must demonstrate that the defendant was in control of him or her. Id.

Here, plaintiffs cannot, on the basis of the rental agreement for their apartment, establish the existence of a fiduciary duty. Indeed, in plaintiffs' subsequent motion to amend the Complaint, to again allege breach of a fiduciary duty, plaintiffs state that such "…cause of action may not have current basis in law." (See Exhibit K, page 35.) Simply stated, Stephen Bowden and Terri Bowden were tenants in the apartment and had no other relationship with plaintiffs, pursuant to which a Court could find that a fiduciary relationship existed between them. Having not established the existence of a fiduciary relationship, plaintiffs cannot establish a viable claim against defendants on the basis of their allegation of breach of fiduciary duty.

## POINT IV

### THIS COURT SHOULD NOT PERMIT PLAINTIFFS TO AMEND THE COMPLAINT.

In "Plaintiffs' Answer To The Motion To Dismiss [by the Johnston defendants] & Cross Motion," (copy attached to motion papers as Exhibit J) plaintiffs seek by cross motion to amend the Complaint to include a claim of "Tortious interference with business relationship and contract." (See Exhibit J, paragraph 46.)

In addition, in the separate "Plaintiffs Motion to Amend the Complaint," (copy attached to motion papers as Exhibit K) plaintiffs reiterate the alleged "breach of contract" claim asserted in the original Complaint (see Exhibit K, page 5); repeat the alleged "libelous reviews" asserted in the original Complaint (see exhibit K, page 12; again allege breach of a "fiduciary duty" which plaintiffs state "…may not have current basis in law." (see Exhibit K, page 35); and, lastly, claim "…intentional interference with business relationship and business contracts." (see Exhibit K, page 36.)

8

While defendants recognize that pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure, leave is generally freely given to amend a complaint, and that a *pro se* Complaint is to be liberally viewed by the Court, nevertheless, Courts have denied applications for leave to amend the complaint, where, as in this case, allowing plaintiffs to amend a Complaint would likely not be productive, or is futile, and the Court need not accept as true, legal conclusions or bare recitals of the elements of a cause of action.

In <u>Harris v. Mills</u>, 572 F.3d 66, (2d Cir. 2009), the Second Circuit explained as follows:

> "In accordance with the Supreme Court's decision <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), we apply a 'plausibility standard,' which is guided by '[t]wo working principles,' <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' is inapplicable to legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' <u>Id</u>. 'Second only a compliant that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" <u>Id</u> at 1950. 527 F. 3d 66, 71-72.

A proposed amended complaint must contain sufficient factual allegations to state a claim for relief that is "plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 9292 [2007]). "...(A)llegations that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which a plaintiff complains are meaningless as a practical matter and, as a matter of law, are insufficient to state a claim." <u>Hammer v. Amazon.com</u>, 392 F. Supp. 2d 423, 430, 2005 U.S. Dist. LEXIS 33398 (2005).

Similarly, in <u>Ruffolo v. Oppenheimer & Co.</u> 987 F.2d 129, 131 (2d Cir. 1993), the Second Circuit affirmed District Court's Memorandum Opinion and Order which denied

plaintiff's application for leave to amend the complaint holding that "[w]here it appears that granting leave to amend is likely be unproductive, . . . it is not an abuse of discretion to deny leave to amend." 987 F.2d 129 at 131.

This rule applies regarding plaintiffs' requested amendment to assert "tortious interference with business relationship and contract." As stated in the Affidavit of Mrs. Bowden, when she brought Mr. Galland's actions which threatened litigation against her and her husband to the attention of VRBO, she knew that VRBO would forward her e-mail to Mr. Galland, but that the public would not have access to the e-mail. In any event, plaintiffs remain members of VRBO and VRBO has not terminated their membership. (See Exhibit C, paragraph 29.)

As the Court wrote in Hammer v. Amazon.com, supra: "It is well established that 'a contract claim may not be pleaded as a tort claim unless a legal duty independent of the contract itself has been violated.'" Hammer v. Amazon.com, 392 F. Supp. 2d 423, 432-433 (E.D.N.Y. 2005) (citing Liberty Mut. Ins. Co. v. York Hunter, Inc., 945 F. Supp. 742, 749 [S.D.N.Y 1996]). The Court in Hammer, supra, explained that "...such a claim is subsumed into a plaintiff's contract action, as it is not predicated upon any duties beyond those established by the contract." Hammer, 392 F. Supp. 2d 423, at 433 (E.D.N.Y. 2005). As such, plaintiffs' "tortious interference with contract and business relationships" claim should not be considered separate and apart from their allegation of breach of contract, which we respectfully submit, as set forth in Point II above lacks merit and should therefore be dismissed

In the event that this Court allows plaintiffs to amend the Complaint, the Court should nevertheless grant summary judgment to the Bowden defendants because by submitting the review of the apartment, and by bringing the tactics of Mr. Galland to the attention of VRBO, there can be no proof consistent with the allegations that the Bowden defendants tortiously

interfered with plaintiffs business relationships, and contracts. Once again, plaintiffs continue to be members of VRBO and continue to rent the apartment.

Furthermore, because punitive damages are "generally unrecoverable" in actions involving contractual dispute, plaintiffs request for punitive damages in their Complaint is misplaced. Camprubi-Soms v. Aranda, 2011 U.S. Dist. LEXIS 10195 (S.D.N.Y. 2001).

> Punitive damages are available where the conduct constituting, accompanying, or associated with the breach of contract is first actionable as an independent tort for which compensatory damages are ordinarily available, and is sufficiently egregious . . . to warrant the additional imposition of exemplary damages. Thus, a private party seeking to recover punitive damages must not only demonstrate egregious tortious conduct by which he or she was aggrieved, but also that such conduct was part of a *pattern of similar conduct directed at the public generally.* Camprubi-Soms v. Aranda, 2011 U.S. Dist. LEXIS 10195 (S.D.N.Y. 2001) (citing United States v. Merritt Meridian Const. Corp., 95 F.3d 153, 160-61 [2d Cir. 1996] [Emphasis in original]).

Plaintiffs here, in addition to not having established that the Bowden defendants breached the rental agreement, have not otherwise met the requirements for an award of punitive damages, because even if plaintiffs allege that the Bowden defendants' actions constitute "egregious tortious conduct," they have not established that any such alleged conduct "was part of a pattern of similar conduct directed at the public generally. Id.

## CONCLUSION

There is no basis in law given the facts of this case to establish that the Bowden defendants breached the rental agreement by submitting a review of the plaintiffs' apartment on the VRBO website, or that the review libeled the plaintiffs, or that the Bowden defendants are liable for negligence, intentional negligence with intent to harm, or gross negligence, or that the Bowden defendants are liable for extortion, and are subject to punitive damage, or that a lien

should be placed on their property, or that this Court should issue a temporary restraining order and/or injunction against the Bowden defendants.

WHEREFORE, it is respectfully requested that an Order be entered herein, granting judgment on the pleadings in favor of defendants, Stephen Bowden and Terri Bowden, dismissing plaintiffs' Complaint, and denying plaintiffs motions to amend the Complaint, and if in its discretion this Court desires to review, and does not exclude, matters outside of the pleadings, then granting summary judgment dismissing the Complaint, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      October 13, 2014

HERZFELD & RUBIN, P.C.
*Attorneys for Defendants*
***Stephen Bowden and Terri Bowden***

By: _____
Joseph E. Donat
125 Broad Street
New York, New York 10004
(212) 471-8463

Of Counsel: Arlene E. Lewis