UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CLAUDE GALLAND, VIOLAINE GALLAND,
PARISTUDIOS

                            Plaintiffs,

            -against-

JAMES JOHNSTON, JUDITH JOHNSTON,
STEPHEN BOWDEN, TERRI BOWDEN
                            Defendants
-----------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF DEFENDANTS' STEPHEN BOWDEN'S AND TERRI BOWDEN'S MOTION FOR JUDGMENT ON THE PLEADINGS TO DISMISS THE COMPLAINT AND IN OPPOSITION TO PLAINTIFFS' MOTIONS TO AMEND THE COMPLAINT**

Civil Action No.: 14 CV 4411

(Judge Richard J. Sullivan)
(Magistrate Judge Ronald L. Ellis)

JOSEPH E. DONAT, an attorney duly admitted to practice in the Courts of the State of New York, including the United States District Court, Southern District of New York, affirms the following under the penalties of perjury:

1.    I am a Member of the firm of Herzfeld & Rubin, P.C., attorneys of record for defendants, Stephen Bowden and Terri Bowden, and I am fully familiar with the pleadings and proceedings previously had herein.

2.    I submit this Affirmation in support of the motion by defendants, Stephen Bowden and Terri Bowden, for judgment on the pleadings and dismissal of the Complaint, pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. This Affirmation is also submitted in opposition to both of plaintiffs' motions to amend the Complaint.

3.    This litigation arises out of the rental of a vacation apartment in Paris, France, which, upon information and belief, was owned by plaintiffs, Claude Galland and Violaine Galland, and was rented by defendants, Stephen Bowden and Terri Bowden.

1562679_1

Plaintiffs claim that the Bowden defendants posting a review of the apartment on a website breached the rental agreement for the apartment, and also libeled them.[1]

4.  Annexed hereto and marked as Exhibit "A" is a copy of the Complaint.

5.  Annexed hereto and marked as Exhibit "B" is a copy of the Answer on behalf of Mr. and Mrs. Bowden.

6.  Plaintiffs' Complaint alleges that the basis of the action is a breach of contract by the defendants, which has been aggravated by defamation of character and business reputation of plaintiffs. (See paragraph 1 of Complaint, Exhibit A.)[2]

7.  The allegations of the Complaint which specifically refer to the review submitted by the Bowden defendants are numbered 19-21. (See Exhibit A.) When reduced to their essence, such allegations complain of the Bowden defendants' use of the word "noisy" to describe the neighborhood in which the apartment was located, the use of the word "small" to describe the size of the apartment, and the improper use of the word "Dam."

8.  However, the Complaint also states, in pertinent part, that the wording of "... the title of the review by defendants Stephen and Theresa Bowden... <u>did nothing more than re-state what we [plaintiffs] have honestly mentioned in our ads....</u>" (See Complaint, Exhibit A, paragraph 19.) The Complaint further states: "<u>In the review's title the word 'noise' if and when true, was pointless, we stated that the apartment gave to a lively street full of tourists and is precisely why is safe: there is safety in numbers....</u>

---

[1] Plaintiffs also name as defendants James Johnston and Judith Johnston. Presently pending before the Court is a motion to dismiss the Complaint filed on behalf of the Johnston defendants.

[2] Annexed to plaintiffs Complaint as exhibits are the Vacation Rental Agreements of the Johnston defendants, and the Bowden defendants. However, plaintiffs have not attached to the Complaint the complete review submitted by the Bowden defendants, which is an integral part of the Complaint, although the Complaint refers to specific words and phrases contained in the review. If this Court believes that by plaintiffs' referring to words and phrases of the review, that the entire review is thereby adopted by reference, FRCP Ruble 10(c), the Court is respectfully referred to the entire review which is quoted verbatim in the Affidavit of Mrs. Terri Bowden, attached to the motion papers as Exhibit C, paragraph 12.

2

Noisy yet safe is what we stated in the advertisement...." (emphasis supplied). (See Complaint, Exhibit A, paragraph 19). The Complaint further states: "The issue of space is also just re-stating of what we clearly advertise (20m2) [i.e., 40 square meters] and the [Bowden] defendants admit the space is average in Paris making the re-iteration of 'small' pointless...." (See Complaint, Exhibit A, paragraph 19.)

9.      The Complaint further states, in conclusory fashion, that the Bowden defendants "...volunteer to conclude it [the apartment] can only fit 2, when we advertise could fit 3 means we are deceiving the public. This is a false accusation." (See Complaint, Exhibit A, paragraph 19.) Such a general statement contained in a "review" regarding the size of an apartment, and the number of people who can fit into an apartment, is clearly a statement of opinion, and not actionable under the law. (See Point I of accompanying Memorandum of Law in Support of Motion.)

10.     The Complaint also states, in conclusory fashion, that the Bowden defendants "accuse" plaintiffs "... of deception with 'mirrors' and clever photography...." But, again, plaintiffs admit in the Complaint that "... the photographs [of the apartment] depict an image and its mirror image." (See Complaint, Exhibit A, paragraph 20.) Therefore by their own statements contained in the Complaint, plaintiffs admit that the photograph of the apartment on the website contains a mirrored image. And, once again, a general statement as to size is a statement of opinion and not actionable under the law.

11.     Last, plaintiffs allege that in the review, the Bowden defendants "... refer to a site 'Dam' which is false. There are no sites known by the name 'Dam' in Paris or anywhere in the World. It is false and, *inter alia*, a vulgar word sounding as 'damn' with obvious negative connotation." (See Complaint, Exhibit A, paragraph 21.) The fact is

3

that the word "Dam" was obviously a typographical and harmless error, because when the word is read in context by a reasonable reader in both instances when it was used in the review, it was clearly preceded by the word "Notre," as in the "Notre Dame" Cathedral, to which the review referred, and was clearly not a vulgarity.

12. Accordingly, based upon the wording of the Complaint itself, plaintiffs admit that they actually advertised the apartment on their website using the word "small" and located in a "noisy" neighborhood. By such admissions in the Complaint, plaintiffs in effect establish that the Bowden defendants did not breach the rental agreement with use of the words "small" and located in a "noisy" neighborhood, because such words are an opinion contained in a review, and not a complaint in violation of the rental agreement, and also that use of the words "small" and "noisy," by the Bowden defendants, was not false and did not amount to libel of the plaintiffs.

13. Therefore, based upon the plaintiffs' allegations and statements contained in the Complaint, plaintiffs cannot set forth an actionable claim against the Bowden defendants, and the Bowden defendants should be granted judgment on the pleadings, and the Complaint should be dismissed against them.

14. If, in this Court's discretion, this Court wishes to consider additional matters outside the pleadings and does not exclude them, the Court is respectfully referred to the Affidavit of Mrs. Terri Bowden, a copy of which is attached hereto as Exhibit "C," and the additional Exhibits D through K referred to and attached to the Affidavit of Mrs. Bowden, and the attached Local Rule 56.1 (a) Statement, as support for an award of summary judgment to the Bowden defendants, pursuant to Rule 12(d) and Rule 56 of the Federal Rules of Civil Procedure, because no genuine issue of material fact exists, and the Bowden defendants are entitled to judgment as a matter of law.

15. In her Affidavit, Mrs. Bowden provides the background details of her locating the plaintiffs' apartment on a website, Vacation Rentals by Owner ("VRBO"), which also contained reviews of the apartment by prior renters. Mrs. Bowden further explains that although prior reviews of the apartment indicated that it was "small" and located in a "noisy" neighborhood,[3] nevertheless, she and her husband decided to rent the apartment. Mr. Bowden then signed a vacation rental agreement which was provided by the plaintiffs, and he pre-paid the total cost of the rental.

16. In her Affidavit, Mrs. Bowden stated that after she and her husband stayed in the apartment, she decided to submit a review of the apartment on the VRBO website. She stated that she believed the review was fair and truthful, and that it was based solely on her and her husband's opinion.

17. Mrs. Bowden explained that she knew of the VRBO guidelines regarding submission of reviews by renters because she and her husband are VRBO members and listed their own rental properties in Florida on the VRBO website. Mrs. Bowden further explained that VRBO guidelines provided that an owner cannot opt out of receiving reviews by a renter, and that the VRBO website actually solicited and provided a link to submit reviews by renters if they wished to submit one.[4]

18. The review submitted by Mrs. Bowden is quoted in its entirety in paragraph 12 of her Affidavit. As Mrs. Bowden explained in her Affidavit, she did not submit a complaint, but did submit a "review" based upon 2 observations of the apartment that she felt were truthful in her opinion, namely, that the apartment was small

---

[3] The prior reviews of the apartment indicating that it was "small" and located in a "noisy" neighborhood are attached as exhibits to plaintiffs' Answer to Motion to Dismiss by the Johnston defendants and Cross Motion (see Exhibit J page 46 of 62) and also to plaintiffs' separate Motion to Amend the Complaint (See Exhibit K page 70 of 76.)

[4] See Exhibit J page 44 of 62; See Exhibit K page 68 of 72.

and that it was located in a noisy neighborhood. The title of the review was "small and noisy but close to Notre Dam (sic)."

19. It is this review which plaintiffs allege violated the terms of the Vacation Rental Agreement, specifically a provision that: "The tenants agree not to use blogs or website for <u>complaints</u>, anonymously or not." (emphasis supplied). (A copy of the rental agreement is attached to the Complaint and also separately as Exhibit "D".)

20. Indeed, plaintiffs' Complaint repeatedly refers to the "review" of the Bowdens. (See Complaint, Exhibit A, paragraph 19.) Moreover, as pointed out above, <u>prior</u> reviews of the apartment submitted by plaintiffs as part of their motions to amend the Complaint, also mentioned the small size of the apartment and that it was located in a noisy neighborhood (See Exhibit J. p 44 of 62; see also Exhibit K p. 68 of 72).

21. As stated above, the Complaint further states, in conclusory fashion, that Mrs. Bowden's statement that the apartment "… can only fit 2 people, when we advertise could fit 3 means we are deceiving the public. This is a false accusation." (See paragraph 19 of Complaint, Exhibit A.) In point of fact, however, the review of Mrs. Bowden actually stated: "I would not recommend this for more than 2 people!" Once again, Mrs. Bowden states in her Affidavit that the review was based upon her and her husband's opinion. Under the law applicable to this case, a statement of opinion is not actionable as libel. (See accompanying Memorandum of Law.)

22. Similarly, the Complaint alleges that the Bowden defendants accuse plaintiffs "… of deception with 'mirrors' and clever photography…" and that "(t)he accusation of deception is false. (See paragraph 20 of Complaint, Exhibit A). However, the actual statement contained in the review again indicates Mrs. Bowden's opinion: "This apartment was much smaller than it appeared in the pictures. There is a mirrored

wall that makes it look larger than it is. <u>To be fair, it does compare in size with other places I have stayed in Paris.</u>" (emphasis supplied). (See Bowden Affidavit, Exhibit C paragraph 12.) The statements made by Mrs. Bowden as to the size of the apartment are clearly statements of opinion and there is no accusation of deception on the part of the plaintiffs.

23.   Last, with regard to the use of the word "Dam" of which plaintiffs complain (see paragraph 21 of Complaint, Exhibit A.) as the Affidavit of Mrs. Bowden makes clear, the word "Dam" was a typographical error which she regrets. If the word "Dam" is read in context with the preceding word "Notre" a reasonable reader would understand that Mrs. Bowden was clearly referring to the Notre Dame Cathedral, and not using a form of a vulgarity.

24.   The allegations of the Complaint designated "22" through "29" refer to the Johnston defendants and are not addressed herein. Mrs. Bowden states in her Affidavit that neither she nor her husband knew the Johnstons prior to this litigation and it was a coincidence that the Johnstons stayed in the same apartment following her and her husband's stay.

25.   As further explained in the Affidavit of Mrs. Bowden, after submitting the review on June 3, 2014, plaintiff, Mr. Galland, contacted her via e-mail two days later on June 5, 2014 and thanked her for the review and for giving the apartment 3 stars. Mr. Galland proceeded to state in the e-mail, that with regard to the small size of the apartment: "We have been upfront on the ads that it is only 20 square meters. As such there should be no misrepresentation." And, with regard to the issue of noise, Mr. Galland's e-mail refers to a permanent night guard who patrolled the neighborhood and kept the noise level low, but that the night guard was cut due to budget cuts in the city of

7

Paris. Mr. Galland then proceeded to write: "The entire neighborhood is actively working to reinstate him. So we are taking active steps in reducing the noise level which is out of control." (emphasis supplied.") (A copy of the June 5, 2014 e-mail from Mr. Galland to Mrs. Bowden is attached as Exhibit "E".) However, as also stated by Mrs. Bowden in her Affidavit, Mr. Galland advised that she and her husband were barred from posting the review and that unless we withdraw the review we would be in breach of the rental contract and that he would refund her and her husband $300 which would avoid their appearing in Federal Court in New York. In fact, Mr. Galland stated in the e-mail: "But we are old fashioned folks, our guests are right, even if they are wrong. We will refund you $300 for the unpleasantness you have encountered." At a later point in the e-mail Mr. Galland states that the $300 is "… to avoid the expenses of initiating a federal court case." In the e-mail, he provided a link for Mrs. Bowden to remove the review from the VRBO website. (See Exhibit E.)

26.  Mrs. Bowden continues to state in her Affidavit that two days later, on June 7, 2014, early on a Saturday morning, Mr. Galland sent her another e-mail in which he again stated that she and her husband were in breach of contract, and that Mr. Galland did not want the matter to escalate, and he again provided a link for them to remove the review from the VRBO website. (A copy of the June 7, 2014 e-mail from Mr. Galland to Mrs. Bowden is attached as Exhibit "F".) In addition, Mrs. Bowden stated in her Affidavit that on Monday, June 9, 2014, they received a voice message on their phone from Mrs. Galland asking what it would take to make her and her husband "whole" to withdraw the review.

27.  Mrs. Bowden also explains in her Affidavit that because of Mr. Galland's threatening tactics regarding litigation against her and her husband regarding her review,

8

she felt that the matter should be brought to the attention of VRBO, and she inquired of VRBO how to proceed to file a complaint against Mr. Galland. Mrs. Bowden explains that she then received a reply e-mail from Ryan at VRBO, which indicated what information was required to file a complaint and that a copy would be forwarded to the rental owner. Mrs. Bowden then submitted a formal complaint to VRBO knowing full well that Mr. Galland would receive a copy (See copies of e-mails to and from VRBO attached collectively as Exhibit "G".)

28. Mrs. Bowden also explains in her Affidavit that her husband referred Mr. Galland to their attorney in Mobile, Alabama, because of Mr. Galland's indication that he intended to commence litigation. (See copy of e-mail from Mr. Bowden to Mr. Galland dated June 9, 2014 attached as Exhibit "H".)

29. Mrs. Bowden also explains in her Affidavit that once she and her husband were served with the Summons and Complaint, she conducted further online research on the website Trip Advisor, and printed references of other persons who had bad experiences with Mr. Galland since 2007. (A copy of the Trip Advisor references regarding Mr. Galland is attached collectively as Exhibit "I".)

30. Based upon the foregoing, no genuine issue of material fact exists that by Mrs. Bowden's submitting a review of the plaintiffs' apartment to the VRBO website, they breached the rental agreement for the apartment, or that the review libeled the plaintiffs. Accordingly, summary judgment should be awarded to the Bowden defendants and the Complaint should be dismissed against them.

31. As stated above, this Affirmation is also submitted in opposition to plaintiffs' initial "cross motion" to amend the complaint to include a claim of "(t)ortious interference with business relationship and contract." (The cross motion is contained in

9

"Plaintiffs' Answer to the Motion to Dismiss of the Johnston defendants & Cross Motion", a copy of which is attached as Exhibit "J".)

32. As the Affidavit of Mrs. Bowden makes clear, there can be no claim of tortious interference with plaintiffs' business relationships and contracts because the e-mail sent to VRBO complaining about Mr. Galland's tactics in threatening litigation was sent only to Mr. Galland, and the public at large did not have access to the e-mail, and also because plaintiffs remain members of VRBO, and have continued to rent the apartment.

33. This Affirmation is also submitted in opposition to the separate "Plaintiffs Motion to Amend the Complaint", a copy of which is attached as Exhibit "K".) Plaintiffs' second motion to amend the Complaint reiterates the alleged "breach of contract" claim asserted in the original Complaint (see Exhibit K, page 5); repeats the alleged "libelous reviews" asserted in the initial Complaint (see Exhibit K, page 12); again asserts a claim of "fiduciary duty" which plaintiffs state "… <u>may not have current basis in law</u>" (emphasis supplied) (see Exhibit K, page 35); and lastly, to claim defendants' "intentional interference with business relationship and business contracts" (see, Exhibit K, page 36).

34. As pointed out in the accompanying Memorandum of Law in Support of Defendants' Motion, a Court should not grant a motion to amend a Complaint when the amendment would be either unproductive, futile or burdensome, as such amendments would be in this case.

35. Based upon all of the foregoing, there is no basis in law, or based upon the evidence, to establish that the Bowden defendants breached the rental agreement by submitting a review of the plaintiffs' apartment on the VRBO website, or to establish

negligence, intentional negligence with intent to harm, or gross negligence on the part of the Bowden defendants in submitting the review, or that the Bowden defendants, are liable for extortion, and are subject to punitive damages, or that a lien should be placed on their property, or that this Court should issue a temporary restraining order and/or injunction against the Bowden defendants.

WHEREFORE, it is respectfully requested that the Court enter an Order herein granting defendants Stephen Bowden and Terri Bowden judgment on the pleadings dismissing the Complaint, and denying plaintiffs motions to amend the Complaint, and if in its discretion this Court desires to review, and does not exclude, matters outside of the pleadings then granting defendants Stephen Bowden and Terri Bowden summary judgment dismissing the Complaint and/or such other and further relief as this Court deems just and proper.

Dated: October 13, 2014

_____
Joseph E. Donat