UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAUDE GALLAND & VIOLAINE GALLAND,

                       Plaintiffs,

- against -

JAMES JOHNSTON, JUDITH JOHNSTON,
STEPHEN BOWDEN, & TERRI BOWDEN,

                       Defendants.

REPORT AND RECOMMENDATION

14-CV-4411 (RJS) (RLE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

1-13-15

**To the HONORABLE RICHARD J. SULLIVAN, U.S.D.J.:**

### I. INTRODUCTION

On June 18, 2014, *pro se* Plaintiffs Claude and Violaine Galland ("the Gallands") filed a Complaint against James and Judith Johnston ("the Johnstons") and Stephen and Terri Bowden ("the Bowdens") alleging primarily breach of contract and defamation. (Doc. No. 2.) On July 11, the Johnstons filed a pre-answer Motion to Dismiss. (Doc. No. 4.) On July 22, the Bowdens filed an Answer. (Doc. No. 7.) On July 28, the Gallands filed an Opposition to the Johnstons' Motion to Dismiss and a Motion for Summary Judgment as to the breach of contract claim. (Doc. No. 10.) On August 7, the Johnstons filed a Reply. (Doc. No. 16.) On August 25, the Gallands filed a Motion to Amend the Complaint. (Doc. No. 18.) On October 14, the Bowdens filed a Motion to Dismiss and an Opposition to the Gallands' Motion to Amend the Complaint. (Doc. No. 22.) On October 27, the Gallands filed an Opposition to the Bowdens' Motion to Dismiss. (Doc. No. 27.)

For the reasons set forth below, I recommend that the Court **DENY** the Gallands' Motion for Summary Judgment, **DENY** the Gallands' Motion to Amend the Complaint, and **GRANT** Defendants' Motions to Dismiss all claims except the Gallands' breach of contract claim.

## II. BACKGROUND

The Gallands own a rental property in Paris, France, and advertise their property to potential travelers on a travel website called Vacation Rentals by Owner ("VRBO" or "the website"). (Doc. No. 18.) The Bowdens stayed at the Gallands' rental property for six nights, May 17-23, 2013. (Doc. No. 2.) The Johnstons stayed at the property for four nights, May 24-28, 2013. (*Id.*) Prior to their stay, both the Bowdens and the Johnstons signed written rental agreements.[1] (*Id.*) A clause in the rental agreement states: "The tenants agree not to use blogs or websites for complaints, anonymously or not." (*Id.*) The Gallands allege that subsequent to their stay, Defendants breached the contract and committed defamation by publishing complaints on various websites. (*Id.*) The Gallands allege five causes of action: (1) breach of fiduciary duty; (2) breach of contract; (3) intentional negligence with intent to harm; (4) extortion; and (5) defamation. (*Id.*)

## III. DISCUSSION

### A. The Gallands' Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment if it determines that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant makes a properly supported motion, the nonmoving party must set forth specific facts showing that there is genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*,

---

[1] James and Judith Johnston both signed a single rental agreement with the Gallands. It appears that in the rental agreement with the Bowdens, only Stephen Bowden signed the rental agreement. Below his signature, however, reads: "Stephan and Theresa Bowden." (Doc. No. 2.)

477 U.S. 242, 250 (1986). "In considering the motion, a court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *See Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir. 1986).

Here, the Gallands allege that there are no genuine issues of material fact related to the breach of contract claim. (Doc. No. 10.) The Gallands point to three facts for which they claim there is no dispute: (1) a signed contract between the Parties; (2) a clause that prevents Defendants from publishing complaints online; and (3) Defendants posted negative reviews on websites in violation of the agreement. (*Id.*)

These facts, however, are in dispute. For instance, Mrs. Bowden did not sign the contract at issue. Her husband was the only person to sign the contract, but it was above a line that read: "Stephan and Theresa Bowden." A trier of fact, therefore, could possibly find Mrs. Bowden to not be liable for breach of contract since she did not herself sign the contract.

Furthermore, the Bowdens characterize their online posting as a *review* that "merely confirmed the description of the apartment provided on the VRBO website by the plaintiffs themselves." (Doc. No. 25 at 4.) The Bowdens contend that the statements made do not constitute a complaint. (*Id.* at 4-5.) The Johnstons also contest the characterization of their posting when they write that the "Gallands fail to allege how the Johnstons submitted any form of complaint." (Doc. No. 4 at 6.) In determining whether the online postings should be characterized as reviews or complaints is a material issue for a trier of fact. Considering this, I recommend that the Gallands' Motion for Summary Judgment as to the breach of contract claim be **DENIED**.

## B. The Gallands' Motion to Amend the Complaint

"In the ordinary course, the Federal Rules of Civil Procedure provide that courts 'should freely give leave' to amend a complaint 'when justice so requires.'" Fed.R.Civ.P. 15(a)(2); *Williams v. Citigroup, Inc.*, 659 F.3d 208, 212 (2d Cir. 2011). A *pro se* litigant should generally be granted leave "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009). However, "leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).

In the Gallands' Motion to Amend the Complaint, they propose to add an additional claim of action, torturous interference with business relations, based on events that occurred after the original Complaint. (Doc. No. 18.) The Gallands allege that after the lawsuit was filed, Mrs. Bowden wrote to VRBO expressing her dissatisfaction with Mr. Galland and requesting that the website banish Mr. Galland from advertising on the site. (*Id.*) The Gallands claim that Mrs. Bowden's actions result in torturous interference with business relations. (*Id.*)

There are four elements to torturous interference with business relations: (1) a business relationship between the plaintiff and a third party; (2) the defendant, knowing of that relationship, intentionally interferes with that relationship; (3) the defendant acts with the sole purpose of harming that plaintiff, or failing that level of malice, uses dishonest, unfair, or improper means; and (4) the relationship is injured. *Goldhirsh Group, Inc. v. Alpert, et al.*, 107 F.3d 105, 108-09 (2d Cir. 1997) (citing *Purgess v. Sharrock*, 33 F.3d 134, 141 (2d Cir. 1994).

Here, the business relationship at issue is between the Gallands and the VRBO website, not between the Gallands and potential travelers using the website. In order for a defendant to tortuously interfere with a business relationship, a business relationship must exist and the defendant must know about the relationship. (*Id.*) Mrs. Bowden knew about the Gallands

na
na

relationship with VRBO. She could not, however, have known about possible business relationships with potential travelers since those relationships did not exist at the time of her letter. Furthermore, it was Mrs. Bowden's understanding that the letter would be forwarded to Mr. Galland, and not made available to the public. (Doc. No. 23.) Therefore, the inquiry with regards to torturous interference with business relations is limited to the Gallands relationship with VRBO.

Although it is possible that a jury could find Mrs. Bowden's actions resulted in a finding of the first three elements, the Gallands cannot establish that Mrs. Bowden injured their relationship with VRBO. VRBO did not end their relationship with the Gallands. In fact, the Gallands continue to advertise their rental property through the website.[2] Because the Gallands cannot establish the fourth element of torturous interference with business relations, their proposed Amended Complaint would be futile and unnecessarily burden the Court's time.

For the reasons stated above, I recommend that the Gallands' Motion to Amend the Complaint be **DENIED**.

### C. Defendants' Motions to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may assert a motion to dismiss for failure to state a claim on which relief can be granted. In deciding a motion to dismiss, the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A court, however, is not bound to accept as true a legal conclusion couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] Nowhere in the Gallands Motion to Amend the Complaint do they allege that there was an injury in their business relationship with VRBO. (Doc. No. 18.) All of their claims for injuries are related to potential renters, not with the VRBO website. (*Id.*) In Mrs. Bowden's Affidavit, she also affirms that the Gallands continue to list their property through the website. (Doc. No. 23.)

5

A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nor does a complaint suffice if it offers "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557.)

Under *Twombly*, the court must also apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007); *see Elektra Entm't Group, Inc. v. Santangelo*, No. 06 Civ. 11520 (SCR)(MDF), 2008 WL 4452393, at *2 (S.D.N.Y. 2008). A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. Only a complaint that states a plausible claim for relief survives a motion. *Id.*

Given the Gallands' status as *pro se* plaintiffs, the Court must "take care to construe [their] papers liberally," *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988), and interpret the complaint "to raise the strongest arguments [it] suggest[s]." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). The Gallands allege five causes of action: (1) breach of fiduciary duty; (2) breach of contract; (3) intentional negligence with intent to harm; (4) extortion; and (5) defamation. (Doc. No. 2.)

### 1. Breach of Fiduciary Duty

The Gallands first allege that Defendants breached a fiduciary duty. (Doc. No. 2 at 9.) In order to state a claim for breach of fiduciary duty, a plaintiff must show: (1) the existence of a fiduciary duty; (2) the defendant's breach of that duty; and (3) damages suffered by the plaintiff proximately caused by the breach. *Petrello, et al. v. White, et al.*, 344 Fed.Appx. 651 (2d Cir.

2009). In establishing the existence of a fiduciary duty, the plaintiff must show that a fiduciary relationship involving discretionary authority and dependency existed. *United States v. Chestman*, 947 F.2d 551, 569 (2d Cir. 1991). In other words, one person must depend on another to serve his interests. *Id.*

Here, the Gallands entered into rental agreements with Defendants. The mere presence of a contract does not establish a fiduciary duty. *See Johnson v. Priceline.com, Inc.*, 711 F.3d 271 (2d Cir. 2013). The Gallands have not established any reliance on Defendants that would amount to a fiduciary relationship. Defendants had no control over the Gallands, and had no decisionmaking power over them. Instead, the agreement was a simple exchange of a fee for lodging. Because the Gallands have not pled facts that establish a fiduciary relationship, I recommend that the Court dismiss the Gallands' claim of breach of fiduciary duty.

### 2. Breach of Contract

Next, the Gallands claim that Defendants breached the rental agreement by posting negative reviews online. (Doc. No. 2.) To establish a viable claim for breach of contract, a complaint need only state: (1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of the contract by the defendant; and (4) damages. *Eternity Global Master Fund Ltd. V. Morgan Guar. Trust Co. of N.Y., et al.*, 375 F.3d 168, 177 (2d Cir. 2004).

The rental agreement clearly states: "The tenants agree not to use blogs or websites for complaints, anonymously or not." (Doc. No. 2.) After their vacation at the Gallands' rental property, the Gallands allege that Defendants posted comments on the VRBO website related to their stays. Defendants do not deny that they posted comments online, but contest the characterization of the posts. (Doc. Nos. 4 and 25.) It is plausible that Defendants made the

posts in violation of the contract. Moreover, it is plausible that such negative reviews could cause injuries to the Gallands' business. Nevertheless, these are questions for a trier of fact to decide and, as such, I recommend that the Court deny Defendants' Motions to Dismiss the Gallands' breach of contract claim.

### 3. Intentional Negligence and Extortion

The Gallands also allege intentional negligence[3] and extortion, but based on the pleadings, it is unclear which facts would support these claims. Notably, the Gallands removed these claims in their Motion to Amend the Complaint. (Doc. No. 18.) The Gallands have not established any facts that would make claims of intentional tort, negligence, or extortion viable. I, therefore, recommend that the Court dismiss the Gallands' claims of intentional negligence and extortion.

### 4. Defamation

Finally, the Gallands allege that Defendants committed defamation by writing a negative online review. Generally, however, "one cannot be liable simply for expressing an opinion" because "it is clear that expressions of opinion are constitutionally protected." *Mr. Chow of New York v. Ste. Jour Azur S.A.*, 759 F.2d 219, 223-24 (2d Cir. 1985) (citations omitted). Further, whether a statement is an opinion or factual representation is a question of law for the court. *Id.* at 224. In making such a determination, the court must consider the context in which the statement was made. *Id.* at 227-28.

Here, the allegedly libelous comments were posted under the property listing in a section titled, "Reviews." Such review sections have now become commonplace on various websites selling all sorts of items and experiences. Review sections on websites are well-recognized

---

[3] It is unclear from the pleadings whether the Gallands are referring to intentional tort or negligence. In either case, the Gallands have not stated facts that would establish a viable claim for either one.

8

places for anyone to place an opinion. Within this context, an ordinary internet reader understands that such comments are mere statements of opinion. To hold otherwise would make nearly all negative internet reviews susceptible to defamation claims. Because Defendants' statements were stated as opinions, I recommend that the Court dismiss the Gallands' claim of defamation.

## IV. CONCLUSION

In summary, I recommend that the Court **DENY** the Gallands' Motion for Summary Judgment, **DENY** the Gallands' Motion to Amend the Complaint, and **GRANT** Defendants' Motions to Dismiss all claims except the Gallands' breach of contract claim.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard J. Sullivan, 40 Foley Square, Room 2104, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: January 13, 2015**
**New York, New York**

**Respectfully Submitted,**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

9

<u>A copy of this Report and Recommendation was sent to:</u>

Claude & Violaine Galland
166 W. 75th Street, Suite 1214
New York, New York 10023

James & Judith Johnston
1025 Pinecrest Terrace
Ashland, Oregon 97520

Stephen & Terri Bowden
3632 Longview Lane
Mobile, Alabama 36608