

**Hon. Magistrate Judge Ronald L. Ellis**

States District Court Southern District of New Yok

500 Pearl Street

New York, NY 10007

PLAINTIFFS' OBJECTIONS

TO LISA PORTER'S MOTION

TO APPEAR.

<u>Re: Galland v. Johnston 14-CV-4411</u>

August 15, 2015

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/15

**Honorable Judge Ellis:**

My wife and I are plaintiffs in this instant action, acting *pro se*.

Upon new information and belief not apparent to us at the filing of the lawsuit we now have reason to believe that when the Johnstons entered our rental contract they meant to defraud us.

We are entitled to discover evidence during the EBT and add a cause of action for fraud.

We have notified their daughter Ms. Lisa Porter that she will be called as a material witness.

Ms. Porter replied she is the "family-attorney" and held to client/attorney confidentiality.

We disagree. Although she is an attorney she was not involved in this instant case.

Ms. Porter *ex parte* motion to appear was not served to us.

Issues of confidentiality are not applicable in this particular case. Ms. Porter *ex parte* motion to appear *pro hac vice* wallows in perceptions of impropriety.

Records do not lie.

<u>Argument:</u>

1) Upon information and belief the Johnstons write false reviews as a weapon of extortion to scam unaware owners of B&B/Hotels and restaurants for full refunds.

2) We will conduct full discovery on the Johnstons and subpoena Ms. Porter's records to add a new cause of action for the Johnstons fraudulent *modus operandi*, to wit: enjoy an vacation without a scintilla of dissatisfaction communicated to us the owners or our staff *during an entire week*; then suddenly publish a false review as a weapon of extortion for a full refund.

Page | 1

3) This full refund was reiterated orally and in writing by Ms. Porter.

4) Ms. Porter in her role of a daughter is a material witness to her family _past_ vacation modalities.

5) Ms. Porter falsely stated that one of our properties in Paris to be "*dangerous and uninhabitable*". At discovery we need to know why she did not take immediate action calling us or our staff in Paris to save her parents from imminent danger. The answer to the above question lies in the fact that although the Johnstons were living in an alleged "*dangerous and uninhabitable*" property equipped with free WiFi and limitless free long distance calls, they never wrote or called their _own daughter_ to rescue them.

6) We reserve the right to ask Ms. Porter how many times, as she was growing up, did her family demanded a full refund using the fly-in-the-soup ploy, after enjoying soup and desert.

7) With respect to Ms. Porter's assertions that she is the "family-lawyer". Evidence shows she was not involved: she was _not_ contacted from Paris, was _not_ contacted when her parents came back to Oregon, and was _not_ contacted after her parents were notified of breach of contract and a lawsuit. Her parents did not seek Ms. Porter advise, opinion or counsel.

8) It is notable that Lisa Porter was named as "*daughter*" with private telephone number as emergency contact in our rental contract. The other telephone was a fake number.

9) Ms. Porter was never referred to as "family attorney".

10) After our initial exchange we never talked or wrote to Ms. Porter.

11) During and after our initial exchanges, a year ago, Ms. Porter never orally or in writing notified us that she was acting as her parents' attorney.

12) Ms. Porter did not bar us from contacting her parents directly, as she would if she was acting as family attorney.

13) We served all papers and correspondence directly to the Johnstons.

14) Ms. Porter made no attempt to appear as attorney of record for this instant case, for an entire year.

15) On the record, the Johsnstons acted *pro se*.

16) The Johnstons had full CONTROL of the proceeding.

17) To summarize: Despite Ms. Porter after-thought proclamation she was all along the "family lawyer" the history and the evidence in the records prove that Ms. Porter was _not_ called from

Page | 2

Paris, her counsel was <u>not</u> sought before impending litigation, she did <u>not</u> notify us she was a family attorney, did <u>not</u> receive any legal papers on behalf of her parents, did <u>not</u> appear as attorney of record for an entire year, and her parents acted *pro se*. Records cannot lie.

### ARGUMENT AGAINST ACTING AS THE "FAMILY LAWYER FROM BEHIND THE SCENE" SCENARIO:

18) Ms. Lisa Porter will be disingenuous to claim that although her parents were *pro se*, she was the "family-lawyer- behind-the-scene" protected by the client/attorney confidentiality.

19) This is flatly non-credible.

20) No reasonable factfinder on this side of the solar system would believe that any active family attorney worth her salt would simply forget to advise her *own* parents to file without delay an ANSWER to deny the allegations.

21) The record show that a timely ANSWER, a legal requirement, was never filed for an entire year, and would have never been filed had it not been by an explicit order by this court. Where was Ms.Porter?

22) Shifting perspective for a moment, here is raised another question, in absence of the required ANSWER at the time the Court rendered its decision, plaintiffs are entitled to a default judgment, as a matter of law. And therefore our reasonable factfinder will ponder why did the Court turned a blind eye and showed extreme leniency during an entire year? The reasonable factfinder would presume the Court **believed** the Johnstons were naive *pro se* acting without the help of counsel.

23) Conversely, the Court cannot take a diametrically opposite position and believe they had all along a family-attorney "behind the scene".

24) Following this binary argument to conclusion, in the event Ms. Porter and her parents miraculously persuade the Court that she was an active family attorney from behind the scene; this new scenario reverses the Court's belief about the Johnstons being naïve *pro se* <u>deserve the extreme leniency of the Court.</u> In this new scenario the Court must respectfully as a matter of law grant us our rightful default judgment, in its entirety.

25) The court respectfully cannot strain in all maters for the defendants, at our expense.

26) But the Court in its wisdom presumed correctly. The naïve *pro se* Jonhstons had full control and no advise, and the Court was thus justified to use its extreme leniency.

27) In addition Johnstons' language and arguments betray the circular logic common to *pro se* playing lawyers, not unlike ourselves. This circular logic would be unfathomable if there were a supervising "family lawyer" reading the papers before submission.

Page | 3

28) Corollary, Ms. Porter never was her parents counsel in strategy, logic, context or content.

29) But even if arguendo, she were - our interrogation and demand for discovery will pertain to all her past travel and past first-hand testimony of her family *modus operandi* long before she graduated from college.

30) The Court respectfully faces a binary decision. Ms. Porter was not directly or indirectly an attorney in this instant case. Corollary issues of confidentiality are not applicable, and we are allowed to call Ms. Porter as a witness. Otherwise, the johnstons **and** their family-attorney together failed to file the required ANSWER in a timely fashion; and as a matter of law our default judgement must have been be respectfully granted in its entirety when the Court made its decision.


Conclusion: I am 66 years old; in the past midcentury I was educated at Yale. Notwithstanding that I wasted my youth partying on campus; I took away a miniscule nugget that turned out to be most precious in the course of my life, to wit: how to identify a perception of impropriety. Here lies a binary: 1) should the Court be persuaded that Ms. Porter was an attorney behind the scene, defendants and attorney failed to submit a timely ANSWER and we the plaintiffs are entitled to a default Judgement. Conversely, 2) if the Court accepts the evidence in the record that Ms. Porter was not involved in this instant case, we exercise our right to call Ms. Porter as a material witness, and Ms. Porter motion to represent her parent should be respectfully denied.


And what to become of the Johnstons ?

a) They can immediately re-hire the attorney of record who they so nonchalantly fired. ....

b) Or they may retain another from the pool of countless New York's attorneys.

c) Or alternatively settle with us without further nonsense, to save the Court's precious resources.


Claude and Violaine Galland

**Affidavit of service**

This  if the Court decides otherwise and is persuaded Ms. Porter was an attorney behind the scene, defendants failed to submit a timely answer and we are entitled to a default Judgement.

Plaintiff's objection to motion to appear pro hac vice was served by United State Post OFFICE  the defendants and their attorneys.

James and Judith Johnston

1025 Pinecrest Terrace

Ashland , OR 97520


Herzfeld & Rubin

125 Broad Street

New Yok, New Yok 10004