

# HERZFELD & RUBIN, P.C.
ATTORNEYS AT LAW   125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

**Joseph E. Donat**
Direct Line: (212) 471-8463
jdonat@herzfeld-rubin.com

October 20, 2015

The Honorable Ronald L. Ellis
Southern District of New York
U.S. Courthouse
500 Pearl Street, Courtroom 11C
New York, New York 10007

    Re:    **Claude Galland, et al. v. James Johnston, et al.**
            **Docket No. 14-CV-4411**
            **Our File No.: 23463.0161**

Dear Judge Ellis:

    We represent defendants, Stephen Bowden and Terri Bowden in the above captioned litigation, in connection with which we appeared before Your Honor on September 2, 2015. We write in response to plaintiffs' Order to Show Cause, which was filed with the Court on October 19, 2015, and in which plaintiffs state that our office failed to respond to plaintiffs "several attempts made to get our witness interrogated," and to which plaintiffs attach "Discovery Demands," which we did not receive before said Demands were filed on the Court's ECF website on Monday, October 19, 2015.

    On October 14, 2015, without prior notice, I received a telephone call from my office's receptionist who advised me that building security had just called her to inform her that Claude Galland and a person Mr. Galland identified as "a witness" were in our building's lobby, seeking entry without an appointment. We had not served plaintiffs with demands or requests for depositions, nor had we received copies of any subpoenas indicating that Mr. Galland intended to depose any non-party witnesses. I informed this firm's receptionist that I was not available to meet with Mr. Galland or a witness unannounced because I was involved in another matter which required my attention. Apparently, after Mr. Galland learned that I was not available, according to what I was told by my firm's receptionist, Mr. Galland began to make a scene in the lobby, and when he was allowed to speak to our receptionist directly, he spoke to her in an alarming and unprofessional manner. Under the circumstances, when I received a second call from the receptionist a few minutes later, and was informed of Mr. Galland's behavior, I



informed our receptionist again that I was not available to speak with Mr. Galland and that we would address any issues he had before the Court.

It is unclear what relief plaintiffs are seeking in their Order to Show Cause at this stage in the discovery process. Notwithstanding Your Honor having designated December 31, 2015 (120 days from the September 2, 2015 court conference) as the cut-off date for discovery, plaintiffs are apparently attempting to shorten the time provided for discovery (to November 1, 2015) and are demanding that we conduct a deposition that we did not request, within 10 days.

With respect to written discovery, we have already served our Rule 26 Disclosure. We also intend to respond to plaintiffs' Discovery Demands, which were filed yesterday, and to serve discovery demands on plaintiffs in the near future. Therefore, we respectfully request that plaintiffs' application to this Court by Order to Show Cause be denied.

Respectfully submitted,

Joseph E. Donat

cc: Mr. Claude Galland and Mrs. Violaine Galland
Paristudios
Lisa R. J. Porter, Esq.