**The Honorable Ronald L. Ellis**

**Southern District Court**



GALLAND vs Johnston, BOWDEN et al.

# 14 –CV– 44 11

October 24, 2015

Dear Judge Ellis:

Mr. Donat who is an officer of the court, and counsel to the Bowden in an effort to foil our order to show cause, lied to the Federal Court. Mr. Donat lied in his October 20 letter submitted to the Court stating he was not notified prior producing our witness on October 14.

He was notified.

The attached US post office receipt of an overnight express delivery establish that Mr. Donat received on October 9, 2005 at 10:22 am our discovery demands where it was stated that we will produce our witness to his door 6 days later on October 14.( see us post office receipt and notice letter)

*"Please note, on October 14th 2015, our witness Mr. Huang will appear in your law offices in New York to submit to any interrogation you may wish to conduct."*

Mr. Donat is lying because he has no excuse for not allowing us access to his office on October 14, no excuse to refuse to see us or talk to us. While waiting in the lobby, his receptionist informed via the building interphone that Mr. Donat will only *"see us in court in front of a judge."*

There is more.

A cursory examination of the video security recording in the lobby of his building will establish Mr. Donat lied again, to wit: there was <u>no</u> "scene" on October 14. And there was only one conversation with the receptionist <u>not</u> two. These *ad hominem* misrepresentations are orchestrated to diminish us in the eyes of the Court.

But the Court must respectfully note that when Mr. Donat stormed away from the negotiating table September 2 rejecting our offer to settle for an amount *lower* than his legal fees **without any prior consultation with his clients**, we were dismayed by his breach of professional conduct. Subsequently for almost 2 months he remained 100% incommunicado and our witness Mr. Huang will fly back to China on Nov 1st hence our order to show cause. In addition we have just caught Mr. Donat lying to a Federal Judge. Perhaps, respectfully, sanctions now may be in order.

Claude Galland

## USPS Priority Mail Express Label

**CUSTOMER USE ONLY**

**FROM:** (PLEASE PRINT)
Claude Saltana
166 W 75
NY NY 10023

**TO:** (PLEASE PRINT)
Joseph Doval
Law Office
125 Broad Street
NY NY 10004

- $100.00 insurance included.
- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.

**Tracking #:** EL 059938340 US

**Postmark:** Ansonia Station NY 10023, OCT -8 2015

**ORIGIN (POSTAL SERVICE USE ONLY)**
- [X] 1-Day
- PO ZIP Code: 10023
- Scheduled Delivery Date: 10/09/15
- Postage: $16.95
- Date Accepted: 10/08/15
- Time Accepted: 11:19 AM
- Scheduled Delivery Time: NOON
- Weight: 2 ozs
- Total Postage & Fees: $16.95

LABEL 11-B, JANUARY 2014  PSN 7690-02-000-9996  **2-CUSTOMER COPY**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Index # 14 CV 4411

To Honorable Judge Ellis,

October 6, 2015

The defendants, Johnston and Bowden, have travelled to Paris on a string budget renting from us the most economical accommodation amongst all our properties: therefore we presumed that they are people of modest means. Corollary, it would have been futile to demand a settlement amount they could not honor. At the first court conference, we offered the lowest nominal settlement to wit: $5,000USD, which any honest attorney would not reject as it is lower than legal fees and travel expenses. Yet, to our dismay, the attorneys stormed out of the room <u>without prior consultation with their clients</u>. Their action is self-serving, profiteering, and in violation of the code of ethics. A disciplinary action would be justified.

Furthermore, after one year in court, when evidence for damage was submitted in the court records and several attempts made to get our witness interrogated, the defendants failed to respond. This idleness prejudices us. To break the hiatus, we are personally taking our witness to the law offices and here below the letter we sent to the defendants:

---

To Defendants Bowden and Johnston,

Please note, on October 14th 2015, our witness Mr. Huang will appear in your law offices in New York submit to any interrogation you may wish to conduct. Should you fail to interrogate him on October 14th 2015, you could do so before November 1st 2015 after which Mr. Huang will be back in China. He will only be available at trial.

### Discovery Demands:

We reserve the right to add a cause of action of fraud. We demand the following discoveries to be submitted by November 1st 2015.

1. Please disclose all defendant tax records for the past 5 years.
2. Please disclose all vacation destinations, hotels, name of owners of past 10 years.
3. Please disclose all blogs, reviews on internet forums (anonymous or not) for the past 10 years written by every defendants.
4. Please disclose any property listings owned by defendants on VRBO
5. Please disclose all correspondence with Lisa Porter
6. Lisa Porter will disclose a list all vacations with her parents as a teenager.


125 BROAD STREET, NEW YORK, NY 10004  TEL 212 471-8500  FAX 212 344-3333  WWW.HERZFELD-RUBIN.COM

Joseph E. Donat
Direct Line: (212) 471-8463
jdonat@herzfeld-rubin.com

October 20, 2015

The Honorable Ronald L. Ellis
Southern District of New York
U.S. Courthouse
500 Pearl Street, Courtroom 11C
New York, New York 10007

   Re: Claude Galland, et al. v. James Johnston, et al.
      Docket No. 14-CV-4411
      <u>Our File No.: 23463.0161</u>

Dear Judge Ellis:

  We represent defendants, Stephen Bowden and Terri Bowden in the above captioned litigation, in connection with which we appeared before Your Honor on September 2, 2015. We write in response to plaintiffs' Order to Show Cause, which was filed with the Court on October 19, 2015, and in which plaintiffs state that our office failed to respond to plaintiffs "several attempts made to get our witness interrogated," and to which plaintiffs attach "Discovery Demands," which we did not receive before said Demands were filed on the Court's ECF website on Monday, October 19, 2015.

  On October 14, 2015, without prior notice, I received a telephone call from my office's receptionist who advised me that building security had just called her to inform her that Claude Galland and a person Mr. Galland identified as "a witness" were in our building's lobby, seeking entry without an appointment. We had not served plaintiffs with demands or requests for depositions, nor had we received copies of any subpoenas indicating that Mr. Galland intended to depose any non-party witnesses. I informed this firm's receptionist that I was not available to meet with Mr. Galland or a witness unannounced because I was involved in another matter which required my attention. Apparently, after Mr. Galland learned that I was not available, according to what I was told by my firm's receptionist, Mr. Galland began to make a scene in the lobby, and when he was allowed to speak to our receptionist directly, he spoke to her in an alarming and unprofessional manner. Under the circumstances, when I received a second call from the receptionist a few minutes later, and was informed of Mr. Galland's behavior, I

informed our receptionist again that I was not available to speak with Mr. Galland and that we would address any issues he had before the Court.

It is unclear what relief plaintiffs are seeking in their Order to Show Cause at this stage in the discovery process. Notwithstanding Your Honor having designated December 31, 2015 (120 days from the September 2, 2015 court conference) as the cut-off date for discovery, plaintiffs are apparently attempting to shorten the time provided for discovery (to November 1, 2015) and are demanding that we conduct a deposition that we did not request, within 10 days.

With respect to written discovery, we have already served our Rule 26 Disclosure. We also intend to respond to plaintiffs' Discovery Demands, which were filed yesterday, and to serve discovery demands on plaintiffs in the near future. Therefore, we respectfully request that plaintiffs' application to this Court by Order to Show Cause be denied.

Respectfully submitted,

Joseph E. Donat

cc: Mr. Claude Galland and Mrs. Violaine Galland
Paristudios
Lisa R. J. Porter, Esq.