```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/22/15
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

X ..................................................................................................X    Index  # 14 CV 4411

Claude Galland; Violaine Galland; Paristudios.

        Plaintiffs

**Motion to conduct discovery on Lisa Johnston**

        vs

James Johnston; Judith Johnston;

Stephen Bowden; Terri Bowden.

Defendants

X ..................................................................................................X

The Plaintiffs Claude and Violaine Galland, acting pro se, swear their statements to be true.

### Relief Thought

    Exercise our right to interrogate Lisa Johnston, who is a material witness in this instant case.

### Argument

1) Lisa Johnston is a material witness in her role of a daughter of the defendants, directly privy of family travel histories and past *modus operandi*.
2) We have information and belief, obtained 10 months after commencement of litigation that the Johnston's knew at the time they signed our contract that they will publish a false toxic review to extort a full refund.
3) We have information and belief that they are doing same to other owners .
4) We vigorously uphold our rights to the full discovery of James, Judith & Lisa Johnston and should we prove their *modus operandi*; we are entitled to amend our complaint for a cause of action of fraud and call Lisa Johnston at trial.

5) In addition the record demonstrates that Lisa Johnston never acted as a "family attorney" during the entire proceedings that lasted a year, her last minute claim is a ploy to avoid discovery. Lisa Johnston was absent before, after and during litigation, and cannot claim in good faith that she acted as a "family attorney" in this instant case.

### The claim of being a "*family attorney*" is a transparent ploy to avoid personal discovery.

**Evidence**

6) On the record there is no evidence that James and Judith Johnston enjoyed a "family attorney".
7) They **_acted pro se_**.
8) First the Court will note the circular logic of James Johnston's empirical cut-and-paste laws which could not have been authored by any attorney.
9) The Court also noted that James and Judith Johnston failed to file an answer <u>for an entire year</u>, (had it not been for the Court's help, acting in lieu of their counsel, we the plaintiffs would have enjoyed a default judgment as a matter of law. The proverbial federal court generosity towards defendants here applied and hurt us).
10) Conversely, Lisa Johnston cannot claim being the "family attorney" behind the scene.
11) Even if arguendo, Lisa Johnston were advising in stealth, it stands against reason how she could possibly have ill-advised her own parents to the extent of risking a default judgment. Rather, the reasonable fact finder will conclude Lisa Porter was not involved, directly or indirectly, actively or passively.
12) The Court will also note, before onset of litigation, stretching back from when living in Paris living in dangerous "*inhabitable and fire hazardous conditions*" for an entire week the Johnston forgot to seek their "family attorney" !!!.
13) Even after notification of an impending Federal lawsuit the Johnstons again forgot to call their "family attorney"!!!. During a tel conversation Lisa Johnston was clueless of the "*fire hazards apartment*" in Paris, clueless that her parents had travelled to Paris and clueless of a lawsuit, but during our conversation and speaking as a daughter, she conspicuously demanded a full refund orally which was subsequently reaffirmed in an email.

14) But the center gravity of our argument lies in the fact that at no time, during a yearlong litigation did Lisa Johnston instruct us to send legal <u>correspondence directly to her</u> and abstain from contacting her parents, a universal *sine qua non* for representation.

15) All contact and service were directly addressed to James and Judith Johnston.

16) The Court will also note a New York attorney appeared only once but was fired immediately after. ..The Johnston reverted to acting *pro se*. Lisa Porter was again not involved.

## Conclusion

17) Settlement.
    Shifting perspective for a moment towards reaching a settlement, the Court will note that given our overwhelming proof of damage from witnesses brought to co-defendants counsel's office in New York, the co-defendants Bowden capitulated and agreed with our initial settlement conditions and then agreed to more.
18) The co-defendants Stephen and Terri Bowden, have both settled and the conditions sealed by the Court.

19) By contrast the Johnston's, who wrote a toxic false review in a flat breach of contract, failed to submit a scintilla of discovery demands, and failed to obey the Court's order ending EBT by December 31st.

20) James and Judith Johnston also failed to appear on a November 11th and November 12th at the YALE University Club in New York for the EBT, causing us further financial harm.

21) The defendants are flatly abusing the proverbial leniency which the Federal Court generally affords to defendants, but here Lisa Johnston is a direct material witness for her parents' present and past travel modus operandi, and must be personally subjected to discovery, which may raise a conflict.
22) To cure the above issue of conflict, there are countless seasoned New York attorneys the Johnston may hire. Such a seasoned attorney like Mr. Joseph Donat for the Bowden, may advise their clients to settle after analyzing the damages and in light of a potential prolonged case followed by an appeal for our defamation action ( we the plaintiffs respectfully believe shouting fire in a crowded theatre is the legal equivalent of falsely publish on the internet that our building in Paris is "a fire hazard" and thus is not protected). But most importantly, in the face of a prolonged litigation, a seasoned New York attorney may advice to settle to save the Court's precious resources.

**Wherefore:**

We respectfully pray the court to uphold our right to interrogate Lisa Johnston, a material witness of her parents' modalities and whose statements prior to the onset of litigation may cement our case.

Claude and Violaine Galland

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

X ............................................................................................................X   Index  # 14 CV 4411

Claude Galland; Violaine Galland; Paristudios.

        Plaintiffs                                                 **Motion to conduct discovery on Lisa Johnston**

        vs

James Johnston; Judith Johnston;

Stephen Bowden; Terri Bowden.

Defendants

X ............................................................................................................X

The Plaintiffs Claude and Violaine Galland, acting pro se, swear their statements to be true.

The motion was served to the Johnstons by USA mail on 12/17/2015

[signature]