USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-14-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLAUDE GALLAND & VIOLAINE GALLAND,

      Plaintiffs,

- against -

JAMES JOHNSTON & JUDITH JOHNSTON,

      Defendants.

---

**OPINION AND ORDER**

**14-CV-4411 (RJS) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

This breach of contract case is before the undersigned for General Pretrial and Dispositive Motions. (Doc. No. 5.) On October 20, 2016, Defendants James Johnston and Judith Johnston (collectively, "the Johnstons" or "Defendants") filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 37 and 41, for failure to comply with discovery orders. (Doc. Nos. 88, 90-92.) On November 3, 2016, Plaintiffs Claude Galland and Violaine Galland (collectively, "the Gallands" or "Plaintiffs") filed their opposition. (Doc. No. 89.) On November 28, 2016, the Johnstons filled their reply. (Doc. No. 99.) The Gallands filed a sur-reply on November 29, 2016. (Doc. No. 100.)

On November 10, 2016, the Gallands filed a motion to recuse the Johnston's attorney and daughter, Lisa Porter ("Porter"). (Doc. No. 94.) That same day, the Gallands filed a letter requesting that the Oregon State Bar investigate and discipline Porter. (Doc. No. 95.) On November 14, 2016, the Johnstons filed their opposition, (Doc. No. 96.), and Porter filed a letter in response to the Gallands' Oregon State Bar letter. (Doc. No. 97.) The Gallands filed a reply on November 29, 2016. (Doc. No. 99.)

For the following reasons, the Johnstons' motion to dismiss and the Gallands' motion to recuse are **DENIED**.

## II. BACKGROUND

The Gallands own a rental property in Paris, France, and advertise their property to potential travelers on a travel website called Vacation Rentals by Owner. (Doc. No. 18.) The Johnstons stayed at the property for four nights, from May 24 to May 28, 2013. (Doc. No. 2.) Prior to their stay, the Johnstons signed written rental agreements. *Id.* A clause in the rental agreement states: "The tenants agree not to use blogs or websites for complaints, anonymously or not." *Id.* The Gallands allege that subsequent to their stay, the Johnstons breached the contract by publishing complaints on various websites. *Id.*

On January 13, 2015, the Court recommended that all claims be dismissed, with exception of the breach of contract claim, and the Honorable Richard J. Sullivan adopted the Report and Recommendation. (Doc. Nos. 30, 32.) The Court also denied the Gallands' motion for summary judgment and motion to amend their Complaint. (Doc. No. 30.)

On September 2, 2015, an initial pretrial conference was held. On January 21, 2016, the Court ordered the Parties to "refile all outstanding discovery requests, including notice of depositions, by February 4, 2016," and warned the Gallands that "failure to participate in discovery may lead to dismissal of their case for failure to prosecute." (Doc. No. 62.) The Gallands sent the Johnstons a letter with discovery requests dated January 29, 2016, which was received by Porter on February 5, 2016. (Doc. No. 91 at 3.) The Johnstons e-filed their requests for document production, admissions, and interrogatories on February 4, 2016. (Doc. Nos. 63-65.)

On March 1, 2016, the Gallands filed a letter raising several discovery issues. (Doc. No. 66.) The Gallands state that they received "redundant" discovery demands and had not received even "a scintilla of documents." *Id.* The Gallands also requested that the depositions be held in person in New York. *Id.*

The Johnstons responded on March 4, 2016, stating that they produced "approximately 68 pages of documents" on February 25, 2016, and indicated that they would be available for depositions in Oregon or via telephone. (Doc. No. 67.) The Johnstons also noted that the Gallands "have failed to adequately answer discovery requests and have not produced any documents to date." (Doc. No. 67.)

On March 9, 2016, the Johnstons filed a letter asking for a pre-motion discovery conference, alleging that the Gallands' responses to discovery requests were "filled with argument and dictum offered only for the purpose of harassment." (Doc. No. 68 at 1.) The Johnstons also asked that discovery be limited to written interrogatories in lieu of depositions. (*Id.* at 2.)

The Court held a telephone conference on April 13, 2016, where Claude Galland ("Galland") indicated that he had a medical condition impairing his ability to hear. (Doc. No. 79.) The Court ordered Galland to file a letter describing his impairment and limitations, along with medical documentation for *in camera* review. *Id.*

On May 3, 2016, the Court stayed the case until June 28, 2016. (Doc. No. 81.) Galland was instructed to inform the Court if his condition changed before that date. *Id.* On June 23, 2016, the Gallands filed a letter asking that the proceedings more forward, offering to "forgo" depositions, and stating that they are ready for trial. (Doc. No. 82.) The Court once again stayed the case "until at least August 15, 2016," (Doc. No. 83.), and "determined that a pre-motion

3

telephone conference does not accommodate Galland's hearing impairment." (Doc. No. 87 at 1.) The Court also acknowledged that the Gallands' discovery responses might require supplementation, and set a briefing schedule for the Johnston's anticipated motion to compel or motion to dismiss. (Doc. No. 87 at 2.)

The Johnstons' motion to dismiss requests that the case be dismissed pursuant to Rule 37 because the Gallands "have failed to respond adequately to discovery and have failed to produce one document" in response to the Johnstons' document requests. (Doc. No. 92 at 1.) The Johnstons argue that the Gallands failed to 1) produce evidence of Claude Galland's medical impairment and 2) explain why Violaine Galland could not appear on behalf of both Plaintiffs, thus their "refusals to participate in discovery were not made for good cause." (*Id.* at 2.) The Johnstons also move for dismissal pursuant to Rule 41 for failure to prosecute. *Id.*

The Gallands filed their opposition, stating that Porter attempts to "defraud" the Court by making factual misrepresentations. (Doc. No. 89 at 1.) The Gallands argue that 1) the motion to dismiss is untimely because they were not served until after the deadline, 2) the Court "denied the entire discovery demands requested by Plaintiff[s], ... Plaintiff[s'] right to conduct discover[y] face-to face, ... and Plaintiff[s'] right to any document discovery," and 3) medical evidence was hand delivered to the Court. (*Id.* at 2-3.) The Gallands also note that they are not in possession of documents the Johnstons request, which are "solely in the control of the managing agent in Paris," and they provided the Johnstons with contact information for the managing agent. (*Id.* at 4-5.) The Gallands also assert that they did not receive "a scintilla of documents" or answers to their "written questions and demand[s]." (*Id.* at 6.) The Gallands ask that the Johnstons' motion be striken and summary judgment be entered in the Gallands' favor, or alternatively, the Gallands be granted "full" discovery, including depositions held in New

4

York, and leave to amend their Complaint, and Porter be recused and the Gallands be awarded treble damages in the amount of $5,000 pursuant to New York Judiciary Law § 487. (Doc. No. 89 at 8, 11-13.)

In response, the Johnstons argue that no "fraud" occurred because Porter was not aware that medical documents were submitted to the Court, and they characterize the medical evidence as "suspicious." (Doc. No. 98 at 10-13.) The Johnstons also note that the Court found that Porter was not a material witness, and denied the Gallands' objection to Porter appearing as pro bono counsel. (Doc. No. 98 at 3.)

The Johnstons argue that the Gallands' discovery requests:

> failed to conf[o]rm with Federal Rules of Civil Procedure as ordered by the [C]ourt, nor were most of the demands within the scope of discovery under the Federal Rules, including the demand that the Johnstons establish their "mental health" and include disclosure of drugs taken, medical records of depression and bipolar issues, records of their "delusional state," police records[,] and treatments for anger management.

(*Id.* at 5.)

The Johnstons also argue that the Gallands "refused to submit any documentation or respond appropriately to interrogatories." (*Id.* at 5.) The Johnstons further note that "[t]his matter is not ready for trial because the parties have not even been able to complete the first round of discovery." (*Id.* at 4.)

The Gallands filed a sur-reply arguing again that they cannot produce documents that they do not have in their control. (Doc. No. 100 at 2.)

On November 10, 2016, the Gallands filed a motion to recuse, alleging that Porter committed perjury and fraud for stating that Claude Galland did not produce medical documentation supporting his medical impairment. (Doc. No. 94.) The Gallands seek $1,000 in

5

treble damages. (*Id.* at 6.) The Gallands also filed a letter addressed to the Oregon State Bar seeking disciplinary action against Porter, mirroring the motion to recuse. (Doc. No. 95.)

The Johnstons filed an opposition to the motion to recuse on November 14, 2016, arguing that Porter "did not commit perjury or fraud" and the Gallands' motion "is an extension of their continuous harassment and bullying through financial pressure and continuous inappropriate and malicious attacks on the credibility of the [Johnstons'], and [Porter], to settle this case." (Doc. No. 96 at 1.) The Johnstons note that "[i]t was Defendants' understanding from the Court's Order that it accepted the letter and Plaintiff Claude's statements of his condition to be [a] valid reason to Order a Stay until [Claude] is 'medically cleared for oral communication.'" (*Id.* at 6.)

The Johnstons also argue that "[b]ecause [Gallands' medical documentation] was [filed] *in camera* it was not available for download [via] ECF… therefore [Porter] was not able to access the actual copy of the letter … and the ECF Notice did not state that the letter had any attached exhibits." (*Id.* at 5.) The Johnstons state that they filed a letter on April 28, 2016,[1] which, they argue, put the Gallands "on notice" that the Johnstons believed that no medical documentation was submitted. (Doc. No. 96-4 at 1.) The Johnstons state that they did not received the medical documentation until November 8, 2016, when the Gallands opposed the motion to dismiss. (Doc. No. 96 at 6.)

The Gallands filed a reply on November 29, 2016, arguing that Porter "admitted reading the words "*in camera*" and knew the Court had reviewed the medical records that were produced simply because the Court explicitly had stated [it] received the medical records on April 26, 2016." (Doc. No. 99 at 3.) The Gallands also argue that Porter lied "about a fictitious non-

---

[1] No such submission is entered on the docket on April 28, 2016. The Johnstons attach the letter as an Exhibit in their opposition to the Gallands' motion to recuse. (Doc. No. 96-4 at 1.)

6

compliance [] to influence the Court to dismiss." (Doc. No. 99 at 4.) The Gallands seek recusal of Porter and that the case proceed to trial. (*Id.* at 7.)

### III.   DISCUSSION

#### A.   The Johnstons' Motion to Dismiss

When a party "fails to obey an order to provide or permit discovery," Rule 37 provides that the Court "may issue further just orders," including:

> (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv)  staying further proceedings until the order is obeyed;
> (v)   dismissing the action or proceeding in whole or in part;
> (vi)  rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Additionally, under Rule 41, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Here, the Gallands filed discovery requests and responded to the Johnstons' discovery requests. This is not a situation where the Gallands have not responded at all to discovery requests. Instead, the issue is the sufficiency of discovery responses and document production on both sides. While the Court acknowledged that the Gallands' discovery responses may require supplementation, (Doc. No. 87.), the appropriate next step was to schedule a conference to resolve disputes. A conference was scheduled, but, Claude Gallands' medical impairment made telephonic conferences impractical. (Doc. No. 81 at 2; *see also* Doc. No. 87.) The Court did not have an opportunity to resolve disputes, and ordered Claude Galland to file a letter

7

detailing his impairment with supporting evidence for *in camera* review, which he timely submitted. (*Id.* at 1.) The Court stayed the case pending an improvement of his condition, finding that "serious concerns regarding the sufficiency and scope of each others' discovery requests and productions ... cannot be resolved without oral communication between the Parties and with the Court." (Doc. No. 81 at 2.) Additionally, the Gallands have expressed their wishes to proceed with this case.

Therefore, the Johnstons' motion to dismiss the Gallands' Complaint because of their alleged failure to participate in discovery is premature and hereby **DENIED**. Additionally, the Gallands' requests for summary judgment, "full-discovery," and to file an amended complaint are **DENIED**. The Court has previously ruled on these issues, (*see* Doc. Nos. 30, 32.), and will not reconsider its decision.

### B.    The Gallands' Motion to Recuse

Although the Gallands seek sanctions pursuant to Judiciary Law § 487 and 18 U.S.C. §§ 1621 and 1623, the Court finds sanctions or recusal under these statutes inapposite. The Court finds that Rule 11 is more on point as it governs representations to the Court. When "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," those "factual contentions [must] have evidentiary support" or if denials of factual contentions are made, those assertions "are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(3)-(4).

Moving for Rule 11 sanctions requires "notice and a reasonable opportunity to respond." (*Id.* at 11(c).) Despite procedural deficiencies here, the Court finds that sanctions pursuant to Rule 11 are without merit. The Court acknowledges that Porter incorrectly argued that Claude

8

Galland did not file medical documentation, but, those assertions were made based on a lack of information or a reasonable misunderstanding. The Johnstons did not receive the medical documentation until after the motion to dismiss had been filed. (Doc. No. 96 at 6.)

Therefore, the Gallands' motion to recuse and impose damages is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**, and Plaintiffs' motion to recuse Porter and their requests to proceed to trial are **DENIED**. Claude Galland shall file a letter updating the Court on his medical condition, with supporting medical documentation on or before **September 29, 2017**. This Opinion and Order resolves Doc. Nos. 90 and 94.

**SO ORDERED this 14th day of September 2017.**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**MAILED BY CHAMBERS**

9